■ In the Matter of B & M Nachos Corp., Petitioner, v New York State Liquor Authority, Respondent. [48 NYS3d 50]—

Determination of respondent New York State Liquor Authority (SLA), dated February 26, 2016, sustaining charges of violations of Alcoholic Beverage Control Law § 65 (1) and 9 NYCRR 48.2, and imposing a civil penalty of $7,500, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Kathryn Freed, J.], entered on or about July 19, 2016), dismissed, without costs.

An underage agent's four typewritten supporting depositions, each signed by the agent and containing a notice pursuant to Penal Law § 210.45, constitute the functional equivalent of a statement under oath (*see Matter of Shermaine J.*, 208 AD2d 158, 165 [1st Dept 1995]) and substantial evidence establishing a violation of Alcoholic Beverage Control Law § 65 (1) (*see Matter of Purdy v Kreisberg*, 47 NY2d 354, 358 [1979]; *Matter of 25-24 Café Concerto Ltd. v New York State Liq. Auth.*, 65 AD3d 260, 265-266 [1st Dept 2009]). In each of the depositions, the agent noted her own birth date in March 1995 and

the date of the transaction in September 2015, thereby establishing that she was less than 21 years of age; described the purchase of a named alcoholic beverage, or series of beverages; identified the sale as having occurred in petitioner's premises; and identified by name the bartender who sold the beverages in each transaction. The underage agent also noted that, in each case, neither the vending bartender nor any other agent of petitioner asked her how old she was or for identification. The agent's sworn statements of her own age were supported by a photocopy of her driver's license, by state police database documents verifying the license's accuracy, and by the supervising police lieutenant's testimony that he checked the license on the night of the incident to ensure that the agent was under 21.

The underage agent's statements, detailing four separate transactions from four separate bartenders within a space of less than 15 minutes, constitute substantial evidence of a lack of adequate supervision at the premises, in violation of 9 NYCRR 48.2.

The administrative law judge providently exercised his discretion in declining to permit questioning about the underage agent's Facebook page (*see generally Matter of Concerned Citizens Against Crossgates v Flacke*, 89 AD2d 759, 761 [3d Dept 1982], *affd* 58 NY2d 919 [1983]), and in declining to discredit the underage agent's statements on the ground of her familial relationship with one of the arresting officers or some discrepant information (*see Matter of Café La China Corp. v New York State Liq. Auth.*, 43 AD3d 280, 281 [1st Dept 2007]).

We have considered petitioner's remaining contentions and find them unavailing. Concur—Richter, J.P., Manzanet-Daniels, Gische, Webber and Kahn, JJ.