People v Anzalone (2024 NY Slip Op 24286)

[*1]

People v Anzalone

2024 NY Slip Op 24286

Decided on October 25, 2024

Justice Court Of The Town Of Orchard Park, Erie County

Pastrick, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on October 25, 2024
Justice Court of the Town of Orchard Park, Erie County

The People of the State of New York,

against
Joel Anzalone, Defendant.

Docket No. 24050001

For the People:
Nathan Zobrest, Esq.
Erie County District Attorney's Office
25 Delaware Avenue
Buffalo, New York 14202
For defendant:
Vincent T. Parlato, Esq.
69 Delaware Avenue, Suite 1008
Buffalo, New York 14202-3812

Michael J. Pastrick, J.

Defendant moves, in principal part, for an order dismissing the accusatory instrument as jurisdictionally defective pursuant to CPL 170.30 (1) (a) and CPL 140.45. For the reasons that follow, that part of the application is denied. 
Relevant Law
" 'A valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to a criminal prosecution' " (People v Dreyden, 15 NY3d 100, 103 [2010], quoting People v Case, 42 NY2d 98, 99 [1977]). 
"To be legally sufficient, 'the factual portion of a local criminal court information' must meet the requirements 'that it state "facts of an evidentiary character supporting or tending to support the charges" (CPL 100.15 [3]; see CPL 100.40 [1] [a]); that the "allegations of the factual part . . . together with those of any supporting depositions . . . provide reasonable cause to believe that the defendant committed the offense charged" (CPL 100.40 [1] [b]); and that the "[n]on-hearsay allegations [of the information and supporting depositions] establish, if true, every element of the offense charged and the defendant's commission thereof" (CPL 100.40 [1] [c]; see CPL 100.15 [3])' " (People v Matthew P., 26 NY3d 332, 335 [2015], quoting People v Casey, 95 NY2d 354, 360 [2000]).
Failure to meet those demands—what effectively are the "the reasonable cause requirement of section 100.40 (1) (b) [and] the prima facie case requirement of section 100.40 (1) (c)"—is "a jurisdictional defect" (Matthew P., 26 NY3d at 335). The issue of absence of compliance, however, is viewed through the prism etched by two other principles. "Whether the allegation of an element of an offense is hearsay, rendering the information defective, is to be determined on a facial reading of the accusatory instrument" (Casey, 95 NY2d at 361). And, "if an accused has received fair notice and double jeopardy has been forestalled, the factual portion of the information 'should be given a fair and not overly restrictive or technical reading' " (Matthew P., 26 NY3d at 336, quoting Casey, 95 NY2d at 360). 

Analysis
Defendant is charged with a single count of petit larceny pursuant to Penal Law § 155.25. Under that statute, "[a] person is guilty of petit larceny when he steals property" (Penal Law § 155.25). Here, the factual part of the information, which is supported both by a general supporting deposition and a CPL 710.30 notice that the court understands to have been appended to the accusatory instrument at the time of filing, contains nonhearsay allegations that establish, if true, every element of the [petit larceny] offense charged and defendant's commission thereof.
Two aspects of that review are close. 
First, defendant contends that the "supporting deposition is riddled with failures that cannot convert the complaint into an information." To be sure, the accusations of that deposition, which were sworn to by an employee of the retail location at which the petit larceny allegedly occurred, could have been better stated in an active voice firmly establishing the identity of the employee who claims to have observed defendant steal property from that store. Still, the deposition reflects that the affiant is employed by that merchant—his address, as set forth therein, is the same address at which the Orchard Park branch of that establishment is located (see generally People v De Loach, 58 Misc 2d 896, 898-899 [Buffalo City Ct 1969])—, that defendant is known to that retailer, and that defendant was observed stealing the subject items from that store. The body of the information reflects that defendant was seen on video, and the CPL 710.30 notice appended thereto indicates that defendant was identified in the video of the subject incident by his parole officer. 
The CPL 710.30 notice gives rise to the second close aspect of this issue. At the oral argument of the motion, defendant maintained that the CPL 710.30 notice cannot be considered in determining the validity and sufficiency of the accusatory instrument. Much as a sworn statement—such as, in this instance, a supporting deposition—can be incorporated into an accusatory instrument (see CPL 100.40 [1] [b]; People v Hardy, 35 NY3d 466, 475 [2020]), so too does this court believe that the CPL 710.30 notice, when appended to an accusatory instrument, can be considered in determining the validity and sufficiency of such a device (cf. People v Thomas, 4 NY3d 143, 146 [2005] [relying upon practice commentaries]). 
That notice, the record reflects, was neither sworn before a notary nor made under notice of Penal Law § 210.45. This is not, however, to say that the accounts given in such notice cannot be considered the equivalent of sworn representations, and therefore tantamount to a supporting deposition that may be incorporated into an accusatory instrument. Penal Law § 210.45 provides that "[a] person is guilty of making a punishable false written statement when he knowingly makes a false statement, which he does not believe to be true, in a written instrument bearing a legally authorized form notice of the effect that false statements made therein are punishable." Inasmuch as "[m]aking a punishable false written statement [in [*2]violation of § 210.45] is a class A misdemeanor" (id.), statements given in contemplation of that statute "constitute the functional equivalent of a statement under oath" (Matter of B & M Nachos Corp. v New York State Liq. Auth,, 147 AD3d 564, 564 [1st Dept 2017]). And, inasmuch as the statements made in the CPL 710.30 notice—wherein a police officer attested to the identification of defendant as the person who committed the subject offense—were offered under threat of "pain of criminal sanctions" (William C. Donnino, Practice Commentaries, McKinney's Cons Laws of NY, Penal Law § 210.45) equivalent to those imposed by Penal Law § 210.45 (see Penal Law §175.30),[FN1]
this court concludes that representations in the CPL 710.30 notice are effectively sworn and are appropriate for consideration in determining the sufficiency and validity of the accusatory instrument (see generally Hardy, 35 NY3d at 475; Matthew P., 26 NY3d at 336).[FN2]

Additional Issues
In so concluding, the court rejects the People's contention that this application should be summarily denied as untimely pursuant to CPL 255.20 (1). Pursuant to the statute, "[e]xcept as otherwise expressly provided by law, whether the defendant is represented by counsel or elects to proceed pro se, all pre-trial motions shall be served or filed within [45] days after arraignment and before commencement of trial, or within such additional time as the court may fix upon application of the defendant made prior to entry of judgment."
To the extent such a request is necessary, the court sua sponte grants defendant leave to have filed the subject application. The court's file reflects that defense counsel first appeared in this matter on June 13, 2024, and that the matter was adjourned for plea negotiations at the next appearance, which was held on July 16, 2024. Defendant filed the subject motion at the time of the following appearance, which was conducted on August 20, 2024. The matter had not—and [*3]still has not—been set for trial. Under these circumstances, to the extent it is necessary, the court retroactively grants leave to defendant to file what, at worst, would have been this marginally untimely application.
With respect to the balance of the motion, the court declines to rule on the part of the application seeking relief pursuant to CPL article 245 and Brady v Maryland (373 US 83 [1963]) in view of the representation of the prosecutor that all material covered by those rules has been disclosed. To the extent the matter proceeds to trial, the court grants the request for a Sandoval hearing (see People v Sandoval, 34 NY2d 371 [1974]), and directs that any Molineux issue (see People v Molineux, 168 NY 264 [1901]) that may arise a trial be resolved through paper submissions and oral arguments thereon at a date and time to be determined at a later juncture. 
Finally, defendant's further contention that "the introduction of any evidence of the [identification] of the Defendant at trial" should be precluded "on the grounds the People have not timely served a CPL § 710.30 notice" lacks merit inasmuch as such notice is appended to the information. 

Conclusion
Accordingly, for all of the foregoing reasons, the part of the motion seeking dismissal of the accusatory instrument as jurisdictionally defective pursuant to CPL 170.30 (1) (a) and CPL 140.45. The court also denies the part of the motion seeking preclusion of the identification of defendant at trial, grants the part of the motion seeking a Sandoval hearing, and directs that any Molineux issue that may arise at trial be resolved through subsequent paper submissions, 
Dated: October 25, 2024
Hon. Michael J. Pastrick

Footnotes

Footnote 1:As noted, Penal Law § 210.45 provides that a person who knowingly makes a false statement bearing notice of that statute is guilty of a class A misdemeanor. Penal Law § 175.30 renders one "guilty of [the class A misdemeanor of] offering a false instrument for filing in the second degree when," similar to Penal Law § 210.45, "he offers or presents it to a public office or public servant with the knowledge or belief that it will be filed with, registered or recorded in or otherwise become a part of the records of such public office or public servant." 

Footnote 2:Support for this conclusion is found in the business records exception to the hearsay rule, which is grounded in the theory "that records systematically made for the conduct of a business as a business are inherently highly trustworthy because they are routine reflections of day-to-day operations and because the entrant's obligation is to have them truthful and accurate for purposes of the conduct of the enterprise" (People v Kennedy, 68 NY2d 569, 579 [1986]; see CPLR 4518 [a]). This Court questions whether the CPL 710.30 notice, at least as an initial matter and subject to a Confrontation Clause challenge (see US Const Amend VI), would be admissible "under the hearsay rules" (People v Franklin, 42 NY3d 157, 160 n 1 [2024]; cf. People v Foster, 27 NY2d 47, 52 [1970]; cf. generally Casey, 95 NY2d at 361 ["a non-hearsay requirement (for an accusatory instrument) is met so long as the allegation would be admissible under some hearsay rule exception"]). Even assuming that the CPL 710.30 statement is not admissible under those rules, the fact remains that the statements made therein are highly trustworthy because, like business records, there were made under an obligation of truth (see Penal Law §175.30).