## (June 15, 1962)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH P. MANGAN, Appellant.— Appeal by defendant from judgments of conviction rendered in the County Court of Broome County upon his pleas of guilty. On June 7, 1961 appellant, a member of the Bar, was charged in a 10-count indictment with the crimes of grand larceny, forgery and the violation of section 1292-a of the Penal Law, a misdemeanor. Two days later he was arraigned upon the indictment and entered pleas of not guilty to its counts. He was then represented by counsel who sought an adjournment apparently for the purpose of addressing motions to the sufficiency of the indictment. On September 22, 1961 and before the convention of the next term of the court in which the indictment was triable defendant was rearraigned and in the presence of his attorneys withdrew personally his former pleas of not guilty and entered pleas of guilty to 3 of the 10 counts of the indictment. Its remaining 7 counts were thereupon dismissed on motion of the District Attorney. Pending the receipt of a presentence report from the Probation Department, the case was adjourned to October 27, 1961 for the sentencing of defendant. In the interval between the arraignments both the County Judge and the Special County Judge of Broome County filed certificates of their disqualification to act in the case and the County Judge of Franklin County was designated to hold the court in their stead. His judicial commitments necessitated two further adjournments to November 20, 1961. By formal motion returnable on that date defendant appeared *in propria persona* and sought to withdraw his pleas of guilty and to substitute pleas of not guilty therefor. After argument the trial court denied his application. In the course of the arraignment on the judgments which immediately followed the denial, defendant was asked by the Clerk, as required, if he had any legal cause to show why judgment should not be pronounced against him. He answered the question propounded in the affirmative and sought to be heard thereon in the chambers of the Presiding Judge because of the confidential nature of the reasons which he proposed to advance against the judgments. With considerable reluctance the court acceded to his request whereupon defendant and the prosecutor conducted extensive arguments

in support of their respective positions. The causes urged by defendant essentially turned out to be a reiteration of the bases stated in his supporting affidavit upon the motion for leave to withdraw his pleas. The court refused to vacate the judgments and proceeded to sentence defendant to one year in the Broome County jail on each of the three counts and ordered that the sentences imposed be served concurrently. Upon appeal defendant challenges the convictions upon three grounds: (1) that he was not accorded a speedy trial; (2) that the trial court abused its discretion in denying his motion to withdraw his pleas of guilty and (3) that the defendant was denied a substantial right in that the court did not sit publicly upon hearing his argument why judgment should not be pronounced against him. A mere recital of the chronological events which preceded defendant's pleas of guilty in itself negates his first contention. In any case defendant may not be heard to complain since he either requested or acquiesced in the postponements. (Code Crim. Pro., § 668; *People* v. *Hernandez*, 7 A D 2d 724; *People* v. *White*, 2 N Y 2d 220, appeal dismissed and cert. denied 353 U. S. 969; *People* v. *Prosser*, 309 N. Y. 353.) As to his second challenge the court correctly found no basis for the exercise of its discretion to permit the withdrawal of the pleas. (*Matter of Lyons* v. *Goldstein*, 290 N. Y. 19, 23; *People* v. *Gowasky*, 244 N. Y. 451.) The third reason advanced is also without merit. The decision against having a public hearing was made by defendant and constituted a waiver of the right of which he now claims to have been deprived. (*Matter of United Press Assns.* v. *Valente*, 308 N. Y. 71; *People* v. *Miller*, 257 N. Y. 54.) Judgments unanimously affirmed. Present — Bergan, P. J., Coon, Gibson, Herlihy and Taylor, JJ.