■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v EDWARD PACE, Respondent.—Appeal by the People from an order of the Supreme Court, Kings County, dated August 4, 1978, which granted defendant's motion to dismiss an indictment for lack of a speedy trial. Order reversed, on the law, motion denied, indictment reinstated and matter remitted to Criminal Term for an immediate trial. In our opinion Criminal Term was correct in holding that all of the delay prior to May 13, 1977 is chargeable to defendant. However the court erred in failing to exclude from its computation of the delay after that date the periods of time attributable to adjournments granted at the request of, or upon the consent of, the defendant. When these periods are excluded the People were ready for trial (June 2, 1978) well within the six-month limitation contained in CPL 30.30 (subd 1, par [a]). In order to be able to seek a dismissal of an indictment based on the deprivation of the right to a speedy trial a defendant must have been ready to go to trial. Where the defendant seeks an adjournment or consents to an adjournment requested by the People, his conduct constitutes a waiver

of his right to complain of any delay occasioned thereby (see *People v White,* 2 NY2d 220, cert den 353 US 969; *People v Abbatiello,* 30 AD2d 11; *People v Glassman,* 17 AD2d 919; *People v Mangan,* 16 AD2d 986; *People v Williams,* 56 AD2d 667). Damiani, J. P., Suozzi, Margett and Mangano, JJ., concur.