OPINION OF THE COURT
 

 Graffeo, J.
 

 After a bench trial, defendant was convicted of attempted assault in the third degree and attempted criminal possession of a weapon in the fourth degree, both class B misdemeanors. On appeal, defendant contends the charges should have been dismissed as untimely under CPL 30.30. We disagree.
 

 Defendant was initially arraigned on a complaint charging five felonies and four class A misdemeanors. On the People’s motion, the felony charges were subsequently dismissed and defendant was charged by information with the remaining class A misdemeanors: assault in the third degree, menacing in the second degree, criminal possession of a weapon in the fourth degree and petit larceny. The parties agree that, under the circumstances of this case, this alteration in the accusatory instrument resulted in a reduction of the applicable speedy
 
 *543
 
 trial time period under CPL 30.30 (5) (c) from six months, measured from the date of filing of the felony complaint, to 90 days, measured from the date of filing of the information.
 

 Months later, during pretrial proceedings, the prosecutor expressed the possibility of a further reduction in the charges from class A to class B misdemeanors. Defendant contended that if the People succeeded on such a motion, the CPL 30.30 period would be shortened from 90 to 60 days and the proceeding would immediately be time-barred. The People countered that, even if the charges were reduced to class B misdemeanors, the applicable period would remain 90 days. The trial court agreed with the People.
 

 Immediately prior to trial, the People moved to reduce the charges from the crimes charged in the information to attempted offenses, necessarily reducing each charge from a class A to a class B misdemeanor
 
 (see
 
 Penal Law § 110.05 [8]). Defendant opposed the motion and, referencing the prior CPL 30.30 argument, noted that the People were chargeable with 73 days of speedy trial time. The trial court granted the motion to reduce and the nonjury trial proceeded. Defendant was convicted of attempted assault in the third degree and attempted criminal possession of a weapon in the fourth degree, and acquitted of the remaining charges. The Appellate Term affirmed the conviction, rejecting defendant’s argument that the reduction in charges required a new calculation of CPL 30.30 time which rendered the prosecution untimely. A Judge of this Court granted defendant leave to appeal. We now affirm.
 

 CPL 30.30 time periods are generally calculated based on the most serious offense charged in the accusatory instrument and are measured from the date of commencement of the criminal action
 
 (see
 
 CPL 30.30 [1]). Under CPL 30.30 (1), the People have six months to announce readiness in a felony prosecution, 90 days when the most serious offense is a class A misdemeanor, 60 days for most other misdemeanors and 30 days when the most serious offense charged in the criminal action is a violation. The term “criminal action” is defined to include “the filing of all further accusatory instruments directly derived from the initial one, and all proceedings, orders and motions conducted or made by a criminal court in the course of disposing of any such accusatory instrument” (CPL 1.20 [16]). Such an action is commenced upon the filing of the first accusatory instrument (CPL 1.20 [17]; 100.05). Accordingly, each criminal action generally has only one date of commencement for purposes of the CPL 30.30 readiness rule, regardless of how many times the accusatory instrument is amended or replaced.
 

 
 *544
 
 However, CPL 30.30 (5) lists specific situations which require a deviation from the general rule and effectively alters the date a criminal action is deemed to have commenced for purposes of applying the CPL 30.30 (1) time frames. In particular, CPL 30.30 (5) (c) provides that when a felony complaint is replaced by an information, recalculation of the readiness time period may be warranted depending on the amount of chargeable time that has already elapsed in the prosecution and the level of the charges in the information.
 
 [1]
 
 If this reduction in charges occurs early enough in the prosecution, as it did in this case, the CPL 30.30 (1) time frame associated with the most serious offense in the information will determine the readiness time frame, measured from the date of filing of that new accusatory instrument. If not, the original six-month period associated with the felony charge will remain applicable, notwithstanding the reduction.
 

 CPL 30.30 (5) (c) was implicated here when the felony complaint was replaced by an information three weeks after the filing of the initial accusatory instrument. As the parties agreed below and do not dispute in this Court, by operation of that provision, the period within which the People were to be ready for trial was reduced to 90 days, running from the date of filing of the information.
 
 [2]
 
 In effect, the date the information was filed became the action’s new date of commencement for purposes of determining the appropriate CPL 30.30 (1) time frame.
 

 At issue on appeal is what effect the second reduction — from class A to class B misdemeanor charges — had on the trial readi
 
 *545
 
 ness calculation. This particular reduction in charges is not among the scenarios addressed in CPL 30.30 (5). This Court has considered the impact of a change in the level of charges in two other situations that did not fall within the ambit of that provision.
 

 In
 
 People v Tychanski
 
 (78 NY2d 909 [1991]), defendant was arraigned on a felony complaint that was later superseded by a misdemeanor indictment. Based on the felony charge, the People had six months to announce readiness for trial under CPL 30.30 (1) (a). In determining whether the reduction in the charges affected the readiness time period, the Court first examined the CPL 30.30 (5) contingencies. Although that provision of the statute covered reduction of a felony complaint to an information, prosecutor’s information or misdemeanor complaint, it did not address reduction to a misdemeanor indictment
 
 (see
 
 CPL 30.30 [5] [c]). Defendant argued that the failure to include a reference to a misdemeanor indictment in the provision was merely a legislative oversight but the Court disagreed, concluding it was obligated to give effect to the omission. Because CPL 30.30 (5) did not expressly encompass reduction to a misdemeanor indictment, the Court held that the general provisions of CPL 30.30 (1) continued to govern the readiness calculation. Notwithstanding the subsequent reduction in charges, the most serious offense brought against defendant in the criminal action was a felony and, as a result, the operative time period under CPL 30.30 (1) (a) remained six months.
 

 The converse situation arose in
 
 People v Cooper
 
 (90 NY2d 292 [1997]). Defendant was initially charged with two misdemeanor counts of driving while intoxicated, carrying a 90-day speedy trial period, but the misdemeanor complaint was later superseded by a felony complaint. Although CPL 30.30 (5) addresses several circumstances in which charges are reduced, it does not address the effect of an increase in the level of crime charged. In resolving the issue, the Court again focused on the general terms of CPL 30.30 (1), which provides that the People must be ready for trial within “six months of the commencement of a criminal action wherein a defendant is accused of one or more offenses, at least one of which is a felony” (CPL 30.30 [1] [a]). Because the
 
 Cooper
 
 defendant was ultimately charged with a felony, we held that the People were entitled to six months from the date of commencement of the action to announce readiness for trial under CPL 30.30 (1) (a).
 

 Defendant asserts that the
 
 Cooper
 
 decision mandates a reversal in this case while the People argue that our holding in
 
 *546
 

 Tychanski
 
 requires an affirmance. In fact, these decisions are consistent with each other and with our conclusion in this case that the prosecution was timely. Both held that unless an event occurs which triggers the specific contingencies of CPL 30.30 (5), the general rule articulated in CPL 30.30 (1) controls the calculation of the readiness period throughout the criminal action. Under that provision, the readiness time requirement is based on the most serious offense charged in the criminal action, measured from the date of filing of the first accusatory instrument.
 

 Here, because the first reduction fell within the purview of CPL 30.30 (5) (c), the action was effectively deemed to have commenced on the filing date of the information, with the readiness period determined by the most serious offense charged in that document — a class A misdemeanor. Thus, the operative period became 90 days measured from the filing date of the information. Because the subsequent reduction to class B misdemeanors is not among the exceptions enumerated in CPL 30.30 (5), it had no effect on the readiness equation. The People having expended only 73 days of chargeable time, the prosecution was timely.
 

 Defendant’s reliance on
 
 Cooper
 
 is grounded on a statement in the decision which quoted the Appellate Division, as follows: “[t]he determinative factor is not the initial charge but the level of crime with which the defendant is ultimately ‘accused’ and for which he is prosecuted”
 
 (People v Cooper,
 
 90 NY2d at 294, quoting 219 AD2d 426, 430 [1st Dept 1996]). Stripping this sentence of its context, defendant contends it stands for the proposition that the People are restricted to the time frame associated with the charges pending at the time the trial commences. The Court did not so hold in
 
 Cooper
 
 for, if it had, it would have overruled
 
 Tychanski
 
 which determined that the operative time period was that associated with the initial felony charge and not the reduced charge for which defendant was ultimately tried. In addition, such an interpretation would be inconsistent with CPL 30.30 (1) which correlates the applicable time period to the highest grade of offense charged in a criminal action. Properly viewed in context, the
 
 Cooper
 
 quotation indicates that when the level of crime charged increases while the action is pending, the applicable readiness period is that associated with the most serious offense, measured from the date of commencement of the criminal action. In other words, unless a specific CPL 30.30 (5) contingency applies, the general rule set forth in CPL 30.30 (1) governs.
 

 
 *547
 
 Our analysis comports with the policies underlying the CPL 30.30 readiness rule. The statute was “enacted to serve the narrow purpose of insuring prompt prosecutorial readiness for trial”
 
 (People v Sinistaj,
 
 67 NY2d 236, 239 [1986]). It gives both parties the means to determine prospectively the time period within which the People must be ready to proceed with the prosecution by providing a temporal framework for the action. The interpretation defendant urges would render it impossible in some circumstances for the People to effect a timely prosecution because it would lead to actions being immediately rendered time-barred as a consequence of a reduction of charges — a result the Legislature clearly did not intend. In addition, it would discourage the People from moving to reduce charges when such a motion is warranted.
 

 Accordingly, the order of the Appellate Term should be affirmed.
 

 Chief Judge Kaye and Judges Smith, Levine, Ciparick, Wesley and Rosenblatt concur.
 

 Order affirmed.
 

 [1]
 

 . CPL 30.30 (5) (c) sets forth a formula for determining whether recalculation of the time frame is warranted. The formula contemplates two time periods: the period of chargeable time already elapsed and the CPL 30.30 (1) readiness period associated with the most serious charge in the new accusatory instrument. If the aggregate of these two periods does not exceed six months, the readiness period is recalculated so that the period associated with the most serious charge in the new accusatory instrument controls, measured from the date of filing of that document. In these circumstances, the date of filing of the new accusatory instrument is treated as the date of commencement of the criminal action for computation of readiness. In all other situations, the applicable period remains six months measured from the date of filing of the initial accusatory instrument. In effect, this provision prevents the People from obtaining more readiness time as a consequence of their reduction of charges than they would have been entitled to under the felony charge.
 

 [2]
 

 . The aggregate of the chargeable time that had already elapsed and the 90-day period associated with the highest charge in the information (a class A misdemeanor) did not exceed six months.