People v Hinds (2025 NY Slip Op 50243(U))

[*1]

People v Hinds

2025 NY Slip Op 50243(U)

Decided on February 24, 2025

Criminal Court Of The City Of New York, Kings County

Berman, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 24, 2025
Criminal Court of the City of New York, Kings County

The People of the State of New York,

against
Michael Hinds, Defendant.

Docket No. CR-032218-24KN

Tehilah H. Berman, J.

Defendant Michael Hinds ("Defendant" or "Hinds") moves to dismiss the accusatory instrument in this matter pursuant to Criminal Procedure Law ("CPL") § 30.30 on the ground that the People exceeded the statutory time permitted to announce ready for trial ("30.30 date"). For the reasons set forth below, the motion to dismiss is DENIED.
This case raises the issue of how speedy trial time is calculated when felony charges from the original complaint are dismissed and only misdemeanor charges remain. It also raises the issue of whether a defendant waives the right to move to dismiss on speedy trial grounds when defense counsel acquiesced and did not object when the people reported a particular 30.30 date to the court at an earlier proceeding.
Defendant was originally arraigned on August 2, 2024, on a felony complaint charging him with throwing boiling hot water at the informant, brandishing a kitchen knife at the informant, and then approaching him while holding the knife. Defendant was charged with five felonies: attempted assault in the first degree (Penal Law ["PL"] §§ 110, 120.10 [1] and [2]) (class B felonies); assault in the second degree (PL 120.05 [1] and [2]) and attempted assault in the second degree (PL 110, 120.05 [2]) (class D felonies). The following misdemeanors were charged: assault in the third degree (PL 120.00 [1]), menacing in the second degree (PL 120.14 [1]), attempted assault in the third degree (PL 110, 120.00 [1]), and harassment in the second degree (PL 240.26 [1]).
At defendant's arraignment, a full order of protection was issued to the complaining witness, defendant was released under supervision, and the matter was adjourned to October 9, 2024. At a hearing before Judge Jung Park on that date, the People moved to dismiss the felony counts. Pursuant to CPL 180.50 (3) (a) (iii), Judge Park dismissed the felony offenses listed in the felony complaint by inserting notations and affixing her signature and date next to those notations. The misdemeanor charges remained. Of the remaining charges, the highest-level offenses were PL 120.00 (1) and 120.14 (1), both classified as class A misdemeanors.
This Court's review of the transcript of the court appearance on October 9, 2024 reveals that no supporting deposition ("SD"), certificate of compliance ("COC") or statement of [*2]readiness ("SOR") had been filed as of that date. The following discussion ensued: 
"[ADA]: I don't believe there is one [SOR] on file, your Honor, and also no COC or SOR have been filed. Given that today is the date of reduction, the People maintain they stand at approximately zero out of ninety days charged with an approximate 30.30 date of January 7th, 2024. [Defense Counsel]: '25.
[ADA]: I'm sorry, '25. Excuse me.
Court: I'm just going to keep it [the adjourned date] on January 8th, and the People can file a Statement of Readiness anytime off calendar."
Judge Park's notations on the court's action sheet are consistent with the transcript and indicate that zero speedy trial days were charged to the People and that the final date was January 7, 2025. 

On December 31, 2024, the People filed a superseding information ("SSI"), which charged defendant with assault in the third degree (PL 120.00 [1]), menacing in the second degree (PL 120.14 [1]), attempted assault in the third degree (PL 110, 120.00 [1]), harassment in the second degree (PL 240.26 [1]), and criminal possession of a weapon in the fourth degree (PL 265.01 [2]). On January 7, 2025, the People filed their COC, SOR, and Notice/Disclosure Form for Initial Discovery ("NDF").
CPL 30.30 (1) provides that a motion to dismiss on speedy trial grounds must be granted when the people are not ready for trial within six months of the commencement of a criminal action where the defendant is accused of at least one felony, and 90 days of its commencement where a defendant is charged with at least one misdemeanor punishable by a sentence of imprisonment of more than three months and no felony is charged. CPL § 30.30 time periods are "calculated based on the most serious offense charged in the accusatory instrument and are measured from the date of commencement of the criminal action" (People v Cooper 98 NY2d 541, 543 [2002]). 
CPL 30.30 (7) (c) and 180.50 (a) (iii) are the operative provisions when, in the course of a criminal proceeding, felony charges are dismissed and the only charges remaining are misdemeanors. CPL 30.30(7)(c) provides, in pertinent part: 
[W]here a criminal action is commenced by the filing of a felony complaint, and thereafter, in the course of the same criminal action either the felony complaint is replaced with or converted to an information, prosecutor's information or misdemeanor complaint pursuant to article one hundred eighty of this chapter (emphasis added) or a prosecutor's information is filed pursuant to section 190.70 of this chapter, the period applicable for the purposes of subdivision one must be the period applicable to the charges in the new accusatory instrument (emphasis added), calculated from the date of the filing of such new accusatory instrument. 
Pursuant to CPL 180.50 (a) (iii), when charges are reduced from a felony to a misdemeanor, the original felony complaint is deemed converted to a new "accusatory instrument" when the presiding judge inserts notations upon the original felony complaint "which make the necessary and appropriate changes . . . in the names of the offense or offenses charged." 

An exception to this calculation arises when the time elapsed from the filing of the felony complaint to the filing of the new accusatory instrument added to the time attributed to the 30.30 clock for the new accusatory instrument exceeds six months. In that case, "the period applicable to the charges in the felony complaint must remain applicable and continue as if the new accusatory instrument had not been filed" (CPL 30.30 [7] [c]).
This court must consider two time periods. The first is the CPL 30.30 period applicable to the highest charges in the new accusatory instrument that was filed, namely, PL 120.00 (1) and 120.14 (1), both class A misdemeanors, which must be calculated from the date of reduction. Pursuant to CPL 30.30 (1) (b), a class A misdemeanor has a 90-day speedy trial period. As such, the 90-day period began to run from the date of reduction on October 9, 2024. However, pursuant to General Construction Law § 20 the "number of days specified as a period from a certain day within which or after or before which an act is authorized or required to be done means such number of calendar days exclusive of the calendar day from which the reckoning is made." This is known as "first-day exclusion" (see People v Chavis, 91 NY2d 500, 504 [1998]; People v Stiles, 70 NY2d 765, 767 [1987]; People ex rel. Barta v Maginley-Liddie, 227 AD3d 754, 756 [2d Dept. 2024]). In excluding the date of reduction, January 7, 2025, was 90 days after October 9, 2024.
The second time period that must be considered is the period from the filing of the original felony criminal court complaint on August 2, 2024, to the date of reduction on August 9, 2024, excluding the first day. That period is calculated to be 68 days, and when added to the 90 days that passed in the first period, the combined total amount is 158 days, which is not greater than six months. The exception described above therefore does not apply, and the applicable speedy trial period (90 days) began to run from the date following the reduction date (October 10, 2024). Since the People filed the COC and SOR within 90 days from the date of reduction, they satisfied the § 30.30 speedy trial requirements.
Furthermore, this court finds that since the defense counsel acquiesced to the 30.30 date of January 7, 2025, at the hearing on October 9, 2024, and even corrected the ADA when he mistakenly said January 7, 2024, as opposed to 2025, and Judge Park adjourned the case to January 8, 2025, on that basis, defendant waived the right to move to dismiss on 30.30 grounds ( see People v Pace, 418 NYS2d 131, 132 [2d Dept 1979] ["Where the defendant . . . consents to an adjournment requested by the People, his conduct constitutes a waiver of his right to complain of any delay occasioned thereby"]; People v Blue, 114 Misc 2d 383, 387 [1982]).
For the aforementioned reasons, the motion to dismiss is denied. This constitutes the decision and order of the court.
Dated: February 24, 2025
Hon. Tehilah H. Berman 
Judge, Criminal Court