People v Matos (2025 NY Slip Op 50353(U))

[*1]

People v Matos

2025 NY Slip Op 50353(U)

Decided on March 20, 2025

Criminal Court Of The City Of New York, Kings County

Berman, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 20, 2025
Criminal Court of the City of New York, Kings County

The People of the State of New York,

against
Feliciano Matos, Defendant.

Docket No. CR-045839-24KN

Tehilah H. Berman, J.

Defendant Feliciano Matos ("defendant" or "Matos") moves for an order deeming the People's Certificate of Compliance ("COC") invalid on the ground that the People failed to fulfill their discovery obligations pursuant to Criminal Procedure Law ("CPL") § 245.20(1). Defendant further moves to dismiss the accusatory instrument on speedy trial grounds pursuant to CPL §§ 30.30 and 170.30(1)(e) for failing to file a valid COC and Statement of Readiness ("SOR") within the statutory limit of 60 days. For the reasons set forth below, the motion to dismiss is DENIED.
On October 29, 2024, defendant was arraigned and charged with operating a motor vehicle while his license was suspended, in violation of Vehicle and Traffic Law ("VTL") § 511(1)(a) ("aggravated unlicensed operation of a motor vehicle in the third degree"), which is a misdemeanor punishable with a term of imprisonment of not more than 30 days. He was also charged with and operating a motor vehicle without being duly licensed, which is a violation under VTL § 509(1). The final charge brought against defendant was for failing to yield to a pedestrian who had the right of way and causing contact and physical injury to the pedestrian, in violation of NYC Administrative Code ("AC") § 19-190(b), which is a misdemeanor punishable with a term of imprisonment of not more than 30 days. The court action sheet and court transcript from January 16, 2024 indicate that the People had filed their COC and Statement of Readiness ("SOR") on December 27, 2024 and provided exhaustive discovery materials on that date. 
On January 13, 2025, defense counsel sent a conferral email with a list of missing discovery materials, including: (1) an ambulance call report ("ACR"), which is pre-hospital care report maintained by the Fire Department of the City of New York ("FDNY") for patients treated or transported by FDNY emergency medical services ("EMS")[FN1]
 ; (2) an aided card, which is a document created by a police officer at the scene of an incident describing a victim's [*2]injuries[FN2]
; (3) names and contact information for emergency medical services ("EMS") witnesses on the scene; and (4) a full photo of the complaining witness showing her injuries. The People immediately confirmed receipt of the conferral email and advised that they would "work to expeditiously locate these items if they exist and turn them over to [the defense] ASAP". On January 14, 2025, the People submitted a discovery request to the 83rd Precinct for the aided card, a subpoena to the FDNY for the ACR and EMS contact information, and requested that the complainant provide the full photo of her injuries. On the same day, the People turned over two photos received from the complainant and advised defense counsel that an aided card did not exist.Defendant now moves to dismiss on speedy trial grounds claiming that the People's belated disclosure of the two photos of the complainant's injury and failure to turn over an ACR, aided card, and the names and contact information for the EMS witnesses render the People's COC invalid. Defendant concludes that more than 60 days have lapsed since the commencement of the criminal action on October 29, 2024, mandating dismissal of the accusatory instrument. The People contend that their COC is valid because it was filed in good faith and after exercising due diligence to ascertain the existence of, obtain, and turn over all discoverable material pursuant to CPL 245.50(1). The People further contend that the requested aided card does not exist, the requested ACR and EMS contact information are not subject to automatic discovery, and that they promptly obtained and turned over the photos of the complaining witness' injuries upon receipt of defense counsel's conferral. Finally, the People maintain that they should be charged only 59 days in calculating the speedy trial time under CPL § 30.30.
Pursuant to CPL § 170.30(1)(e), the court may dismiss an accusatory instrument on the ground that a defendant has been denied the right to a speedy trial under CPL 30.30. A defendant seeking dismissal pursuant to CPL 30.30 must prove that the People have failed to declare readiness within the statutorily prescribed period (see People v Beasley, 16 NY3d 289, 292 [2011]). CPL 30.30 limitation periods are "generally calculated based on the most serious offense charged in the accusatory instrument and are measured from the date of commencement of the criminal action." People v. Cooper, 98 NY2d 541, 543 (2002). The People may not be deemed ready for trial for purposes of CPL 30.30 until they have filed a proper COC. CPL 245.50(3); People v. Bay, 41 NY3d 200, 210 (2023). The People may file a COC once they provide the discovery required by CPL 245.20(1). CPL 245.20 requires disclosure to a defendant of "all items and information that relate to the subject matter of the case and are in the possession, custody or control of the prosecution or persons under the prosecution's direction or control"(CPL 245.20 [1]) and includes 21 categories of material subject to disclosure but does not limit disclosure to these times. Id. The People are not required to "obtain by subpoena duces tecum material or information which the defendant may thereby obtain." CPL 245.20(2). The COC must state that "after exercising due diligence and making reasonable inquiries to ascertain the existence of material and information subject to discovery, the prosecutor has disclosed and made available all known material and information subject to discovery." CPL 245.50(1). There shall be "no adverse consequence" to the People from filing a COC "in good faith and reasonable under the circumstances." CPL § 245.50(1). 
In this case the People filed a COC on December 27, 2024. The issue is whether the COC was valid in the absence of the ACR, aided card, and names and contact information for [*3]EMS witnesses on the scene, and the belated disclosure of the full photograph of the complaining witness showing her injuries.
AC\R
To obtain the ACR from the FDNY, the People "would either need a so-ordered subpoena or a subpoena accompanied by a HIPAA form from the defendant." People v. Luja, 2024 NY Slip Op 50893(U), 2024 NY Misc. LEXIS 2915, *16-17 (Crim. Ct. Bronx Co. 2024). Since CPL 245.20(2) specifically exempts the People from having to obtain by subpoena material or information which the defendant can obtain through the same means, the ACR was exempted from automatic discovery. Furthermore, "it is beyond cavil" that HIPAA compliant authorizations by the complaining witness were required to obtain her medical records, including ambulance reports. Rosario v Port Authority of NY & N.J., 2020 NY Slip Op 32910(U), 2020 NY Misc. LEXIS 5604, *2-3 (Sup. Ct. NY Co. 2020). This court finds that the People went above their duty in issuing a subpoena to the FDNY for the ACR, and that the absence of the ACR does not invalidate the COC.
NAMES AND CONTACT INFORMATION FOR EMS PERSONNEL
While PL §245.20(1)(c) generally requires the prosecution to disclose names and adequate contact information for all civilians who have information about the case, the names and contact information for EMS personnel is within the possession, custody and control of the FDNY, not the NYPD. People v. Rahman, 2023 NY Slip Op 50692(U), 2023 NY Misc. LEXIS 3289, *6 (App. Term 2d Dept. 2023). Accordingly, the People had to subpoena these records from the FDNY. Since CPL 245.20(2) specifically exempts the People from having to obtain by subpoena information which the defendant can himself subpoena, the names and contact information for EMS personnel was exempted from automatic discovery. Accordingly, the absence of names and contact information for the EMS workers from the People's discovery package does not invalidate the COC.
AIDED CARD
The People were informed by the New York Police Department ("NYPD") that the "aided card" does not exist. In an email dated January 14, 2025, responding to the People's inquiry regarding the aided card, the NYPD stated that "an aided report does not exist for the said arrest" and that "[a]rrests result[ing] from vehicle collisions[,] in which injuries are sustained[,] require[] all injuries to be reflected on a Police Accident Report (PAR) in lieu of being reported on an aided report." The People cannot disclose an aided card which does not exist, and, therefore, the COC may not be invalidated based on the absence of the aided card. People v. Cabezas, 2023 NY Slip Op 51132(U), 2023 NY Misc. LEXIS 9603, *15 (Crim. Ct. Kings Co. 2023). 
FULL PHOTO OF CW SHOWING THE INJURY
CPL 245.20(1)(h) provides that photographs made by a public servant engaged in law enforcement activity, or which were made by a person whom the prosecutor intends to call as a witness at trial or a pre-trial hearing, or which relate to the subject matter of the case, are subject to automatic discovery. The Defense argues that the People's belated disclosure of "[p]hoto 1 of complainant's injury sent to the police" and "[p]hoto 2 of complainant's injury sent to the prosecutor" render the People's COC invalid. On December 4, 2024, the People requested from the complainant "all relevant evidence in the [c]omplaining [w]itness's possession," and among the items forwarded to the People was a screen shot containing a photo of the complainant's injuries. Prior to the People's filing of the COC, this screenshot was turned over to defendant [*4]with the other discovery materials. However, on January 13, 2025, defendant requested the "[f]ull photo of the CW showing the injury, not just the screen shot of the text". On January 14, 2025, the People requested a full photo of her injuries from the complaining witness. The complaining witness hen emailed two photos to the People, which the People disclosed to defendant on the same day.
The discovery statute demands due diligence and good faith, not perfection (Bay, supra, 41 NY3d at 212). Here, the courts finds that the People complied with their automatic discovery obligations under CPL 245.20(1) and demonstrated reasonableness and due diligence when requesting and turning over the screenshot of the photo which the complainant provided prior to filing the COC. Furthermore, upon Defendant's request, the People reached out to the complainant the day afterwards and immediately forwarded the full photos once received. The People again acted with due diligence in responding quickly and providing a reasonable explanation for the belated disclosure. See, People v Contompasis, 2025 NY Slip Op 00500, 2025 NY App. Div. LEXIS 478, *17 (3d Dept. 2025).
The People's discovery obligations only extend to those materials that either "relate to the subject matter of the case" (CPL 245.20 [1]) or that tend to "impeach the credibility of a testifying prosecution witness." (CPL 245.20 [1] [k]); Contompasis, supra, 2025 NY Slip Op 00500, 2025 NY App. Div. LEXIS 478, *17. Defendant has not demonstrated how a full photo of the complaining witness showing the injury, as opposed to a a screen shot containing a photo of the complaining witness's injury, either relates to the subject matter of the case or would impeach the credibility of a testifying prosecution witness. To the contrary, pursuant to CPL 245.20(1)(c), the privacy and confidentiality of the complaining witness must be considered. Accordingly, the belated dislosure of the full photograph of the complaining witness showing her injury does not affect the validity of the COC.
CPL 30.30 (1)(c)
Since CPL 30.30 limitation periods are calculated based on the most serious offense charged in the accusatory instrument and are measured from the date of commencement of the criminal action (People v. Cooper, 98 NY2d 541, 543 (2002)). In this matter, the top counts, VTL § 511(1)(a) ("aggravated unlicensed operation of a motor vehicle in the third degree") and NYC Administrative Code ("AC") § 19-190(b) (failing to yield to a pedestrian who had the right of way and causing contact and physical injury to the pedestrian), are misdemeanors punishable with a term of imprisonment of not more than 30 days. Pursuant to CPL 30.30(1)(c), the People were required to announce their readiness for trial within 60 days of the commencement of the criminal action. This action commenced on October 29, 2024, when defendant was arraigned. Pursuant to General Construction Law § 20 the "number of days specified as a period from a certain day within which or after or before which an act is authorized or required to be done means such number of calendar days exclusive of the calendar day from which the reckoning is made." This is known as "first-day exclusion" (see People v Chavis, 91 NY2d 500, 504 [1998]; People v Stiles, 70 NY2d 765, 767 [1987]; People ex rel. Barta v Maginley-Liddie, 227 AD3d 754, 756 [2d Dept. 2024]). In excluding the date of commencement, December 27, 2024 was 59 days after October 29, 2024. Therefore, this court finds that the People did not exceed their speedy-trial time limitation.
For the aforementioned reasons, defendant's motion to dismiss is denied. This constitutes the decision and order of the court.
Dated: March 20, 2025
Hon. Tehilah H. Berman 
Judge, Criminal Court

Footnotes

Footnote 1:https://www.nyc.gov/site/fdny/about/resources/record-requests/records-request.page

Footnote 2:People v. Morris, 186 Misc 2d 564, 566 (Crim. Ct. NY Co. 2000))