People v Wilson (2025 NY Slip Op 25107)

[*1]

People v Wilson

2025 NY Slip Op 25107

Decided on May 1, 2025

Criminal Court Of The City Of New York, Queens County

Licitra, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on May 1, 2025
Criminal Court of the City of New York, Queens County

The People of the State of New York

against
Wilson, Defendant.

Docket No. CR-009706-24QN

For the People: Melinda Katz, District Attorney of Queens County (by Daniel J. Lobasso)
For Mr. Wilson: The Legal Aid Society (by Alaina Chlebek)

Wanda L. Licitra, J.

The prosecution commenced this case with a misdemeanor complaint, charging Mr. Wilson with a class A misdemeanor, (P.L. § 145.00[1]), an unclassified misdemeanor, (V.T.L. § 1192[3]), and a traffic infraction, (V.T.L. § 1192[1]). Ninety days thereafter, they filed a statement of readiness, a certificate of automatic discovery compliance, and a replacing information. The replacing information only charges Mr. Wilson with a traffic infraction, (V.T.L. § 1192[1]).
The defense has now filed a C.P.L. § 30.30 motion to dismiss. This raises two questions. First, does C.P.L. § 30.30[1] apply to this case? And second, if so, did the prosecution exhaust its relevant C.P.L. § 30.30[1] period?
LEGAL ANALYSIS
I. Does C.P.L. § 30.30[1] apply to this case?
Criminal Procedure Law § 30.30 is a statute that "address[es] delays occasioned by prosecutorial inaction." (People v. McKenna, 76 NY2d 59, 63 [1990]). Subdivision one of the statute generally requires that a court dismiss an accusatory instrument "where the people are not ready for trial" within:
(a) six months of the commencement of a criminal action wherein a defendant is accused of one or more offenses, at least one of which is a felony;
(b) ninety days of the commencement of a criminal action wherein a defendant is accused of one or more offenses, at least one of which is a misdemeanor punishable by a sentence of imprisonment of more than three months and none of which is a felony;
(c) sixty days of the commencement of a criminal action wherein the defendant is accused of one or more offenses, at least one of which is a misdemeanor punishable by a sentence of imprisonment of not more than three months and none of which is a crime punishable by a sentence of imprisonment of more than three months; or
(d) thirty days of the commencement of a criminal action wherein the defendant is [*2]accused of one or more offenses, at least one of which is a violation and none of which is a crime.
Effective January 1, 2020, "for the purposes of this subdivision, the term offense shall include vehicle and traffic law infractions." (C.P.L. § 30.30[1][e]). This new provision "brings traffic infractions, when charged jointly with at least one of the other listed offenses, within the scope of CPL 30.30[1]." (People v. Galindo, 38 NY3d 199, 204 [2022]). However, the statute's plain terms also mean that "actions involving only traffic infractions [are] still not . . . covered by the speedy trial statute." (Id. at 206). It defines "vehicle and traffic infractions" as "offense[s]" but sets no deadline for a "criminal action wherein a defendant is accused" of only traffic infractions. (See C.P.L. § 30.30[1]). (The term "violation" does not include "traffic infractions." P.L. § 10.00[3]). 
But what if the prosecution commences a case by filing an accusatory instrument jointly charging a traffic infraction with misdemeanors, and later replaces that instrument with an information charging only a traffic infraction?
The key distinction lies in the difference between an accusatory instrument and a "criminal action." The C.P.L. § 30.30[1] periods are generally [FN1]
set by the most serious offense charged in the "criminal action"—not simply by whatever is charged in the most recent accusatory instrument. A "criminal action" commences with "the filing of an accusatory instrument" and "includes the filing of all further accusatory instruments." (C.P.L. § 1.20[16] [emphases added]). Thus, while C.P.L. § 30.30[1] does not cover "actions involving only traffic infractions," (Galindo, 38 NY3d at 204 [emphasis added and omitted]), it does cover actions "wherein a defendant is accused" of a felony, misdemeanor, or violation in any of the action's accusatory instruments.
The Court of Appeals' decision in People v. Cooper, 98 NY2d 541 [2002], affirms this plain-text reading. There, the Court analyzed C.P.L. § 30.30[1] to determine which of its provisions would apply when prosecutors reduced the top charge, a class A misdemeanor subject to C.P.L. § 30.30[1][b], to a class B misdemeanor, an offense subject to C.P.L. § 30.30[1][c]. After noting that this reduction did not trigger any specific statutory exception, (see C.P.L. § 30.30[7]),[FN2]
the Court concluded that "the general rule articulated in CPL 30.30[1] controls." (Id. at 546). And that general rule is what is plain from C.P.L. § 30.30[1]'s text: "the readiness time requirement is based on the most serious offense charged in the criminal action, measured from the date of filing of the first accusatory instrument." (Id.).
Here, likewise, the "general rule" articulated in the statute "controls." (See id.). The readiness time requirement for this case is based on the most serious offenses charged in the criminal action: the class A and unclassified misdemeanors. Therefore, the readiness period is ninety days from commencement of the action. (See C.P.L. § 30.30[1][b]).
To be sure, before C.P.L. § 30.30[1][e] became effective on January 1, 2020, Cooper's plain-text reading would not have applied here. Prior cases held as much. (See, e.g., People v. Gonzalez, 168 Misc 2d 136 [1996] [App. Term, 1st Dep't 1996]). That is because, at the time, a "traffic infraction" was not an "offense" under the statute and so was not within the "ambit of [*3]CPL 30.30" at all. (Id. at 136 [noting that the statute's "use of the generic term 'offenses' [was] critical" to these prior holdings, as a "traffic infraction" was not an "offense"]). Therefore, at the time, C.P.L. § 30.30 had nothing to say about a traffic infraction that prosecutors had initially charged jointly with misdemeanors. (See id.). But that version of the statute is no longer effective, as "the term offense shall [now] include vehicle and traffic law infractions." (C.P.L. § 30.30[1][e]). Traffic infractions charged jointly in an action with misdemeanors are now subject to Cooper's rule—and to the plain text of C.P.L. § 30.30[1]'s subdivisions. (See also Galindo, 38 NY3d at 204 ["[I]t is obvious by expressly including traffic infractions within the definition of 'offenses,' the legislature intended that the prosecution's maximum time to declare trial readiness in a criminal action that includes a traffic offense would be determined by the most serious offense charged" in the action]).
Accordingly, the court concludes that C.P.L. § 30.30[1] applies to this case.
II. Did the prosecution exhaust the relevant C.P.L. § 30.30[1] period?
As "the most serious offense charged" in this "criminal action," (Cooper, 98 NY2d at 546), were misdemeanors punishable by 364 days in jail, the prosecution had ninety days of readiness time. (C.P.L. § 30.30[1][b]). "Whether the People have satisfied this obligation is generally determined by computing the time elapsed between the filing of the first accusatory instrument and the People's declaration of readiness, subtracting any periods of delay that are excludable under the terms of the statute and then adding to the result any postreadiness periods of delay that are actually attributable to the People and are ineligible for an exclusion." (People v. Cortes, 80 NY2d 201, 208 [1992]).
Even assuming arguendo that the prosecution's statement of readiness was valid (which the defense disputes), the prosecution nonetheless exhausted their ninety-day limit. The prosecution concedes that ninety days elapsed between the filing of the first accusatory instrument on March 23, 2024, and their statement of readiness on June 21, 2024. The court must thereafter add "any postreadiness periods of delay that are actually attributable to the People and are ineligible for an exclusion." (Cortes, 80 NY2d at 208).
Under C.P.L. § 30.30[4][a], a "reasonable period of delay resulting from . . . pre-trial motions" must be excluded from any C.P.L. § 30.30 calculation. As that rule implies, however, if the prosecution unreasonably delays proceedings on a pretrial motion, then that delay is attributable to them and ineligible for exclusion. Whether such delay is "unreasonable" is a question of law, and our appellate courts consistently hold that "the People are chargeable with the time between [a] court-imposed deadline to respond . . . and the date on which the People actually file[] a response." (People ex rel. Ferro v. Brann, 197 AD3d 787, 788 [2d Dep't 2021]; see also People v. Delosanto, 307 AD2d 298, 299 [2d Dep't 2003] ["[T]he Supreme Court should have charged the People with a 13-day period [between] a court imposed deadline to respond to one of the defendant's pretrial motions [to] the date that the People actually filed a response."]; People v. Gonzalez, 266 AD2d 562, 563 [2d Dep't 1999] [holding that a period between which "the People were originally scheduled to respond" and "the date upon which they actually did respond" should be "charged to the People" because "it constitutes a period of unreasonable delay"]; People v. Commack, 194 AD2d 619, 620 [2d Dep't 1993] ["[T]he last 10 days . . . should be charged to the People because the People did not respond to the motion until 10 days after the court-ordered deadline."]).
Here, on November 30, 2023, a court set a motion schedule with both the prosecution and [*4]the defense present. It ordered the defense to file their motion by September 16, 2024, and it ordered the prosecution to respond by October 14, 2024. The defense abided by this order; the prosecution did not. Instead, the prosecution arrogated a unilateral twenty-five-day extension to themselves, filing their response on November 8, 2024.
Lawyers must file their papers on time, lest they be held responsible for the delay they create. "This is not too much to ask." (People v. Beshiri, 75 Misc 3d 1206[A], at *1 [Crim. Ct., Bronx County 2022]). "[F]iling papers when they are due, absent permission from the Court, should be table stakes." (Id.). Certainly, all lawyers are busy with other motions and hearings and cases. As a result, the court understands that both prosecutors and defense attorneys may sometimes be unable to make their original deadlines. In such instances, a lawyer must request an extension from the court. What the lawyer cannot do, however, is arrogate a unilateral extension to themselves under their own "self-created" schedule. (Id.). Doing so creates unreasonable delay in the proceedings, and where the lawyer represents the prosecution, the court "should . . . charge[ ]" that delay to "the People." (See, e.g., Delosanto, 307 AD2d at 299). The prosecution is therefore responsible for the delay between October 14, 2024—the "court-imposed deadline to respond," (see Ferro, 193 AD3d at 788)—and November 8, 2024—"the date on which the People actually filed a response," (see id.). That is twenty-five days.
In total, the prosecution is responsible for at least 115 days of delay. Therefore, the court is required to dismiss. (See C.P.L. § 30.30[1][b]).
Any question about whether the prosecution's statement of readiness was invalid is moot and left undecided.
The foregoing constitutes the order and decision of the court.
Dated: May 1, 2025
Queens, New York
__________________________
Wanda L. Licitra, J.C.C.

Footnotes

Footnote 1:Criminal Procedure Law § 30.30[7] provides some specific exceptions to that general rule.

Footnote 2:At the time, what is now C.P.L. § 30.30[7] was codified at C.P.L. § 30.30[5].