People v Morales (2025 NY Slip Op 51041(U))

[*1]

People v Morales

2025 NY Slip Op 51041(U)

Decided on June 13, 2025

Criminal Court Of The City Of New York, Kings County

Berman, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 13, 2025
Criminal Court of the City of New York, Kings County

The People of the State of New York,

against
Mali Morales, Defendant.

Docket No. CR-036053-24KN

Tehilah H. Berman, J.

Defendant Mali Morales ("defendant" or "Morales") moves for an order (i) deeming the People's Certificate of Compliance ("COC") invalid and Statement of Readiness ("SOR") illusory on the ground that the People failed to disclose discoverable materials under CPL 245.20 (1), and (ii) dismissing the accusatory instrument in this matter pursuant to CPL 30.30. For the reasons set forth below, the motion to dismiss is DENIED.
On August 27, 2024, Defendant was arraigned on a misdemeanor complaint charging her with assault in the third degree (Penal Law ["PL"] § 120.00 [1]), attempted assault in the third degree (PL 110/120.00 [1]), and harassment in the second degree (PL 240.26 [1]). A limited order of protection was issued, and defendant was released on her own recognizance. The matter was adjourned to October 22, 2024, in Part AP3 for conversion and COC. The parties appeared in Part AP3 on October 22, 2024, and the matter was adjourned to December 5, 2024. On November 21, 2024, the People filed their Supporting Deposition ("SD"), thereby converting the complaint. On November 22, 2024, the People filed their COC, SOR, and provided discovery under CPL 245.20 (1). During the December 5, 2024, appearance, the court ordered the parties to confer pursuant to CPL 245.35 and instructed the defense that any COC challenges were to be filed by the next court date on February 4, 2025.
On December 29, 2024, defense counsel sent a conferral email with a list of missing discovery. She requested (1) witness designations for police officers ("PO") Andree and Lucas because she "presume[d] they are the officers who interacted with CW when he made his walk-in complaint; " (2) name, work affiliation, and witness designation for any officers who responded to complainant's 911 call on June 4, 2024, their activity log reports ("ALR") and any misconduct records, as well as body-worn camera ("BWC") footage, meta data, and audit trails for those officers; (3) Giglio summary letters, as well as any underlying misconduct reports for prosecution witnesses PO Delaney, Kaur, and Kusterbeck; (4) Internal Affairs Bureau ("IAB") log 20-23515 for PO Cunha aside from the "unsubstantiated traffic incident;" (5) underlying records for PO Drummy; (6) IAB log attachments for Detective ("Det.") Aisaa's records, (7) Civilian Complaint Review Board ("CCRB") records for POs Drummy, Delaney, Kaur, and Kusterbeck; (8) aided report, (9) the arrest report (handwritten, or "scratch"); (10) unredacted DAS report for the complainant; (11) property invoices for defendant's vouchered items [*2](including a purse and all of its contents, jewelry, and haircutting tools; (11) a copy of defendant's probable cause I-Card; (12) ambulance call records ("ACR") ( an ACR is pre-hospital care report maintained by the Fire Department of the City of New York ("FDNY") for patients treated or transported by FDNY emergency medical services ("EMS") from June 4, 2024, (13) photos taken by POs Delaney and Kusterbeck during defendant's arrest; (14) BWC footage, metadata, and audit trails generated during complainant's walk-in reporting on June 25, 2024; and (15) just in case there was any interrogation, BWC footage, interrogation room footage, metadata, and audit trails from Det. Aisaa's interrogation of defendant (defense counsel asks: "was there any interrogation?"). She prefaced her request as follows: "I have reviewed the discovery in this case and have identified the following items as missing. Please let me know the status of these items and your effort to obtain them. If I've identified anything that you've already provided, my apologies — just let me know where to find it."
Defendant moves to dismiss on speedy trial grounds pursuant to CPL 30.30, arguing that the People's failure to disclose all known materials subject to discovery under CPL 245.20 (1), specifically the items mentioned in the conferral email, before filing the COC, renders the COC improper and invalid.
CPL 245.35 provides: "To facilitate compliance with this article, and to reduce or streamline litigation of any disputes about discovery, the court in its discretion may issue an order: 1. Requiring that the prosecutor and counsel for the defendant diligently confer to attempt to reach an accommodation as to any dispute concerning discovery prior to seeking a ruling from the court." See, People v. Pacheco, 2025 NY Slip Op 50794(U), 2025 NY Misc. LEXIS 4195, *5 (Sup. Ct. Queens Co. 2025). Furthermore, pursuant to CPL § 245.50[4][b], defendant has an affirmative obligation to notify the prosecution regarding any deficiencies in the People's COC "as soon as practicable." This court finds that defense counsel's requested witness designations for PO Andree and Lucas because she "presumed" they were the officers who interacted with CW when he made his walk-in complaint constituted a fishing expedition to ascertain the existence of evidence. Furthermore, defense counsel's statement that "[i]f I've identified anything that you've already provided, my apologies — just let me know where to find it" was unreasonable, as it unfairly burdened the People with comparing defense counsel's list of missing items with the inventory the People already provided, instead of diligently conferring with the People, essentially doubling the People's work. This court's review of the conferral email further reveals that several, if not most, of the items that the defendant was seeking either did not exist or did not relate to the charged offenses or the defenses thereto, in contravention of CPL 245.20 (1) (e), which provides that the prosecution shall disclose to the defendant all items and information that are in the prosecution's possession, custody, or control, and that relate to the subject matter of the case. This court will not countenance such a blatant fishing expedition by defendant. Millennium Consolidated Holdings, LLC v. Bluefin Capital Mgt., LLC, 2023 NY Slip Op 34466(U), 2023 NY Misc. LEXIS 23246, *12-13 (Sup. Ct. NY Co. 2023). See also, City of Las Cruces v. United States, 2022 U.S. Dist. LEXIS 41506, *23 (N.M. Dist. Ct. 2022) ("Court cannot countenance a fishing expedition simply because it may catch some fish"). Indeed, it is antithetical to the stated purpose of CPL 245.35, which is to "reduce or streamline litigation of any disputes about discovery." However, since CPL §245.50(3) ties discovery compliance to speedy trial readiness, this court will review the COC's sufficiency.
The main question in determining whether a proper COC has been filed is "whether the prosecution has exercised due diligence and made reasonable inquiries to ascertain the existence [*3]of material and information subject to discovery." People ex rel. Nieves v. Maginley-Liddie, 232 AD3d 568, 569-570, 221 N.Y.S.3d 176 (2d Dept. 2024); People v. Drayton, 231 AD3d 1057, 1059, 221 N.Y.S.3d 163(2d Dept. 2024). Although "due diligence" is not defined in CPL § 245.50, it is a flexible standard that requires the People "to make reasonable efforts" to comply with statutory requirements. People v. Bay, 41 NY3d 200, 211-212, 208 N.Y.S.3d 490, 232 N.E.3d 168 (2023). The court's determination as to whether the People have exercised due diligence and made reasonable efforts sufficient to satisfy CPL 245.20 and 245.50 is case and fact specific. Id.; People v. McMahon, 230 N.Y.S.3d 705, 2025 NY Slip Op 01951, 2025 NY App. Div. LEXIS 1915, *7 (2d Dept. 2025). The court must consider factors including but not limited to: "the efforts made by the prosecution and the prosecutor's office to comply with the statutory requirements, the volume of discovery provided and outstanding, the complexity of the case, how obvious any missing material would likely have been to a prosecutor exercising due diligence, the explanation for any discovery lapse, and the People's response when apprised of any missing discovery." People ex rel. Nieves, supra, 232 AD3d at 570. CPL 245.60 imposes a "continuing duty to disclose, and when the People provide discovery after a COC has been filed, they must file a supplemental COC." Bay, supra, 41 NY3d at 209. CPL § CPL 245.80 (2) directs that "a court should only dismiss a charge as a sanction for a disclosure violation if it has considered all other remedies and concluded that dismissal is appropriate and proportionate to the prejudice suffered by the party." People v. McMahon, 2025 NY Slip Op 01951, 2025 NY App. Div. LEXIS 1915, *7 (2d Dept. 2025)
Non-existent Items
The People contend that the NYPD confirmed that: 1) there were no BWC videos from the walk-in report on date June 25, 2024; 2) no interrogation videos from August 26, 2024 exist; 3) MOS Delaney and MOS Kusterback do not have disciplinary records and therefore, such records do not exist; and that 4) no property invoices exist. The People further contend that they are still waiting for information regarding MOS Kaur. Pursuant to CPL 245.20(2), the duty of the prosecutor is to "make a diligent, good faith effort to ascertain the existence of material or information discoverable under subdivision one of this section and to cause such material or information to be made available for discovery where it exists but is not within the prosecutor's possession, custody or control." "It is axiomatic that the People cannot disclose materials that do not exist."[People v. Haggan, 2025 NY Slip Op 50266(U), 2025 NY Misc. LEXIS 1070, *7 (Sup. Ct. NY Co. 2025)], since they are not within their custody and control [People v. Gonzalez, 2020 NY Slip Op 50924(U), 2020 NY. Misc. LEXIS 4462, *3 (Sup. Ct. Kings Co. 2020)], and their failure to disclose these items does not render their COC invalid. People v. Lane, 2025 NY Slip Op 50714(U), 2025 NY Misc. LEXIS 3704, *16 (Crim. Ct. Kings Co. 2025]); People v. Roman, 2025 NY Slip Op 50132(U), 2025 NY Misc. LEXIS 626, *1 (Crim. Ct. Bronx Co. 2025).
ACRs
As this court previously held in People v. People v. Matos, 2025 NY Slip Op 50353(U), 2025 NY Misc. LEXIS 1631, *5-6 (Crim. Ct. Kings Co. 2025), to obtain the ACR from the FDNY, the People "would either need a so-ordered subpoena or a subpoena accompanied by a HIPAA form from the defendant." People v. Luja, 2024 NY Slip Op 50893[U], 83 Misc 3d 1240[A], 213 N.Y.S.3d 919, 2024 NY Misc. LEXIS 2915, *16-17 [Crim. Ct. Bronx Co. 2024]. Since CPL 245.20(2) specifically exempts the People from having to obtain by subpoena material or information which the defendant can obtain through the same means, the ACR was [*4]exempted from automatic discovery. Furthermore, "it is beyond cavil" that HIPAA compliant authorizations by the complaining witness were required to obtain her medical records, including ACRs. Rosario v Port Authority of NY & N.J., 2020 NY Slip Op 32910[U], 2020 NY Misc. LEXIS 5604, *2-3 [Sup. Ct. NY Co. 2020]. Accordingly, the absence of the ACR does not invalidate the COC.
Giglio Material for Nontestifying Police Officers
CPL 245.20(1)(k) provides that the prosecution must disclose to the defendant "all items and information that relate to the subject matter of the case and are in the possession, custody or control of the prosecution or persons under the prosecution's direction or control," including evidence that tends to: "(i) negate the defendant's guilt as to a charged offense; (ii) reduce the degree of or mitigate the defendant's culpability as to a charged offense; (iii) support a potential defense to a charged offense; (iv) impeach the credibility of a testifying prosecution witness; (v) undermine evidence of the defendant's identity as a perpetrator of a charged offense; (vi) provide a basis for a motion to suppress evidence; or (vii) mitigate punishment." This section further provides: "The prosecutor shall disclose the information expeditiously upon its receipt and shall not delay disclosure if it is obtained earlier than the time period for disclosure in subdivision one of section 245.10 of this article." CPL 245.20 (1)(k) codifies the People's Brady and Giglio obligations, and requires the People provide defendant with any exculpatory or impeaching evidence. People v. Weaver, 85 Misc 3d 489, 491, 220 N.Y.S.3d 645 (Sup. Ct. Queens Co. 2024) Defendant claims that the People failed to comply with this provision by not producing Giglio impeachment material for certain police officers who might have been involved in the case.
As this court previously held in People v. Brown, 2025 NY Slip Op 25122, 2025 NY Misc. LEXIS 4504, *1 (Crim. Ct. Kings Co. 2025), contrary to defendant's contention, law enforcement disciplinary records pertaining to individuals who will not testify at trial are not subject to automatic discovery inasmuch as CPL 245.20 (1) (k) (iv) only requires disclosure of materials that tend to impeach the credibility of testifying prosecution witnesses. People v. Henderson, 2025 NY Slip Op 02084, 2025 NY App. Div. LEXIS 2046, *3-4 (2d Dept. 2025); People v. Cooperman, 225 AD3d 1216, 1219, 207 N.Y.S.3d 311 (4th Dept. 2024); People v. Uzhca, 82 Misc 3d 1213[A], 206 N.Y.S.3d 920, 2024 NY Slip Op 50297[U], 2024 NY Misc. LEXIS 1315, *6-7 [Crim. Ct. Bronx Co. 2024]. Furthermore, "a plain reading of the automatic disclosure statute establishes that the People are only required to disclose all items and information that relate to the subject matter of the case." People v. Macaluso, 230 AD3d 1158, 1160, 218 N.Y.S.3d 105 (2d Dept. 2024). See also, People v. Martin, 71 Misc 3d 1211[A], 143 N.Y.S.3d 860, 2021 NY Slip Op 50348[U], 2021 NY Misc. LEXIS 1939, *4 [Erie County Ct. 2021] ("[CPL 245.20(1)(k)(iv)] must also be read within the context of CPL § 240.20(1), which restricts the universe of discoverable information to that which "relates to the subject matter of the case"). A contrary rule taken to its logical conclusion would require the People to undertake a fishing expedition to search the dockets of every case in every federal and state court in New York for complaints against their police witnesses, even when they had no active role in the investigation of the case. People v. Garrett, 23 NY3d 878, 890-891, 994 N.Y.S.2d 22, 18 N.E.3d 722 (2014).
Furthermore, CPL § 245.20(1)(k) excludes impeachment material from the automatic discovery timeline established by CPL § 245.10(1) to the extent that it only requires the People to disclose this material "expeditiously upon its receipt." Martin, supra, 2021 NY Misc. LEXIS [*5]1939, at *4-5. This rule comports with the People's continuing obligation to supply exculpatory and impeachment (Brady/Giglio) materials to the defense. United States v. Green, 2025 U.S. Dist. LEXIS 73675, *13 (W.D.NY 3/13/2025) Accordingly, the People's failure to disclose Giglio material for non-testifying police officers does not render their COC invalid. However, the People must adhere to their continuing duty to provide to defendant any exculpatory or impeaching evidence. Brown, supra, 2025 NY Misc. LEXIS 4504, at *18-21
Speedy Trial Computation
CPL 30.30 limitation periods are calculated based on the most serious offense charged in the accusatory instrument and are measured from the date of commencement of the criminal action (People v Cooper, 98 NY2d 541, 543 [2002]). In this matter, the top count, PL 120.00, is a misdemeanor punishable with a term of imprisonment of not more than 180 days. Pursuant to CPL 30.30 (1) (b), the People were required to announce their readiness for trial within 90 days of the commencement of the criminal action. This action commenced on August 27, 2024, when defendant was arraigned. Pursuant to General Construction Law § 20, the "number of days specified as a period from a certain day within which or after or before which an act is authorized or required to be done means such number of calendar days exclusive of the calendar day from which the reckoning is made." (See People v Chavis, 91 NY2d 500, 504 [1998]; People v Stiles, 70 NY2d 765, 767 [1987]; People ex rel. Barta v Maginley-Liddie, 227 AD3d 754, 756 [2d Dept. 2024]). In excluding the date of commencement, November 22, 2024, the date the People filed their COC and SOR, was 87 days after August 27, 2024. As this court finds the People's COC valid, the speedy time trial clock stopped when the People filed their COC. Accordingly, the People are charged with 87 days, and they have not exceeded their speedy-trial time limitation.
For the aforementioned reasons, defendant's motion to dismiss is denied. This constitutes the Decision and Order of the court.
Dated: June 13, 2025
Brooklyn, New York
Hon. Tehilah H. Berman 
Judge, Criminal Court