People v Seymour (2024 NY Slip Op 24234)

[*1]

People v Seymour (Kevin)

2024 NY Slip Op 24234

Decided on August 12, 2024

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Miscellaneous Reports.

Decided on August 12, 2024
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., TIMOTHY S. DRISCOLL, JAMES P. McCORMACK, JJ

2023-290 S CR

The People of the State of New York, Respondent,
against
Kevin Seymour, Appellant. 

Suffolk County Legal Aid Society (Amanda E. Schaefer of counsel), for appellant.
Suffolk County District Attorney (Kim Marie Carson and Marion Tang of counsel), for respondent.

Appeal from a judgment of the District Court of Suffolk County, First District (Edward J. Hennessey, J.), rendered March 3, 2023. The judgment convicted defendant, upon his plea of guilty, of trespass, and imposed sentence. The appeal brings up for review so much of an order of that court dated March 3, 2023 as denied the branches of defendant's motion seeking to strike the People's certificate of compliance and to dismiss the accusatory instrument on statutory speedy trial grounds.

ORDERED that the judgment of conviction is affirmed.
Defendant was charged in an accusatory instrument with criminal trespass in the second degree (Penal Law § 140.15 [1]) and was arraigned thereon on April 8, 2022. On July 5, 2022, the People filed off-calendar a certificate of compliance (COC) with their discovery obligations (see CPL 245.50 [1]) and a statement of readiness. By notice of motion dated September 15, 2022, defendant moved to, among other things, strike the People's July 5, 2022 COC and to dismiss the accusatory instrument on statutory speedy trial grounds. The People opposed. By order dated March 3, 2023, the District Court (Edward J. Hennessey, J.), insofar as is relevant to [*2]this appeal, denied the aforementioned branches of defendant's motion, reasoning, in relevant part, that defendant had not "notif[ied] or alert[ed]" the People to any discovery deficiencies prior to filing the motion (CPL 245.50 [4] [b]) and that defendant had not moved to strike the COC "as soon as practicable" (CPL 245.50 [4] [c]). Immediately after the court handed down its March 3, 2023 order, defendant pleaded guilty to trespass (Penal Law § 140.05, a violation) in full satisfaction of the accusatory instrument, and sentence was imposed. Defendant's sole argument on his appeal from the judgment of conviction is that the branches of his motion seeking to strike the COC and to dismiss the accusatory instrument should have been granted.
CPL 245.50 (4) (b) provides that, "[t]o the extent that the party is aware of a potential defect or deficiency related to a [COC] or supplemental [COC], the party entitled to disclosure shall notify or alert the opposing party as soon as practicable" (emphasis added). In addition, CPL 245.50 (4) (c) provides that "[c]hallenges related to the sufficiency of a [COC] or supplemental [COCs] shall be addressed by motion as soon as practicable" (emphasis added). Here, as defendant's first notification of any deficiency in, or challenge to the sufficiency of, the COC was 72 days after the prosecution filed its COC, when defendant filed his motion, defendant's motion, under the circumstances presented herein, was properly denied as untimely (see People v Chavers, 80 Misc 3d 1218[A], 2023 NY Slip Op 51030[U], *1-2 [Sup Ct, Kings County 2023]).
Accordingly, the judgment of conviction is affirmed.
GARGUILO, P.J., DRISCOLL and McCORMACK, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 12, 2024