People v McMahon (2025 NY Slip Op 01951)

People v McMahon

2025 NY Slip Op 01951

Decided on April 2, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
WILLIAM G. FORD
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2024-00740
 (Ind. No. 72760/22)

[*1]The People of the State of New York, appellant,
v
Darren McMahon, Jr., respondent.

Raymond A. Tierney, District Attorney, Riverhead, NY (Alfred Croce and Glenn Green of counsel), for appellant.
Laurette D. Mulry, Riverhead, NY (Amanda E. Schaefer of counsel), for respondent.

DECISION & ORDER
Appeal by the People from an order of the Supreme Court, Suffolk County (Richard I. Horowitz, J.), dated December 21, 2023, which granted the defendant's motion pursuant to CPL 30.30(1)(a) to dismiss the indictment on the ground that he was deprived of his statutory right to a speedy trial.
ORDERED that the order is reversed, on the law and on the facts, the defendant's motion pursuant to CPL 30.30(1)(a) to dismiss the indictment on the ground that he was deprived of his statutory right to a speedy trial is denied, the indictment is reinstated, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings on the indictment.
On June 23, 2022, the defendant, who allegedly killed ducks in his backyard, was arraigned on a felony complaint charging him with one count of aggravated cruelty to animals (see Agriculture and Markets Law § 353-a[1]). The People provided the defendant with initial discovery on July 27, 2022. On August 26, 2022, the defendant was indicted on five counts of aggravated cruelty to animals and five counts of torturing or injuring animals/failure to provide sustenance (see id. § 353), and was arraigned on the indictment on August 31, 2022.
On November 22, 2022, the People provided additional discovery to the defendant. On December 15, 2022, the People filed their initial certificate of compliance (hereinafter the December 2022 COC) and statement of readiness (hereinafter SOR), which included 71 items of discovery, totaling approximately 400 pages, consisting of police paperwork, search warrant documentation, police supplemental reports, grand jury minutes, police memo book pages, potential Giglio material (see Giglio v United States, 405 US 150), property paperwork, and detective case notes. The prosecution further provided 911 call/radio communications and photographs.
On September 6, 2023, while preparing for a pretrial hearing, the prosecutor learned that Detective Mark Lazina, who had retired in January 2023, had three pages of notes in a memo book that had not been disclosed. The prosecutor provided the three pages of notes to the defendant that day. The People filed a supplemental COC and SOR on September 8, 2023.
On September 7, 2023, the defendant moved pursuant to CPL 30.30(1)(a) to dismiss [*2]the indictment based upon the People's failure to comply with CPL article 245. The defendant contended, inter alia, that the December 2022 COC filed by the People was illusory because the People had failed to turn over the three pages from Lazina's memo book and had failed to timely disclose the notes of the lead detective, Detective Elizabeth Tomlin, a Suffolk County Police Department detective assigned to the District Attorney's Squad. The People opposed the motion, contending that they had turned over Lazina's notes as soon as they became aware of them, and that they had uploaded Tomlin's notes to an electronic discovery link on December 15, 2022.
By order dated November 3, 2023, the Supreme Court denied the defendant's motion. With respect to the disclosure of Tomlin's notes, the court found that it was uncontroverted that they were properly disclosed on December 15, 2022, as set forth in the People's December 2022 COC. With respect to Lazina's notes, the court found that it was uncontroverted that the People only became aware of Lazina's notes "consisting of three pages contained in a small memo book" on September 6, 2023, while preparing for the pretrial hearing, and the People then immediately turned these notes over to the defendant in court. The court found that the People exercised due diligence and acted in good faith when they filed both the December 2022 COC and the supplemental COC, and that the defendant's statutory right to a speedy trial had not been violated.
On October 13, 2023, the People filed a supplemental COC and SOR and provided the defendant with a copy of the transcript from the Huntley hearing (see People v Huntley, 15 NY2d 72), as well as paperwork from the defendant's prior arrest in 2020 for animal cruelty.
On December 14, 2023, during trial preparation, the People discovered that Tomlin's case file contained 29 pages that had not previously been disclosed as part of the December 2022 COC, consisting of a case report, detective investigative notes, an extreme risk protection order application, and a screenshot of a text message from a witness, as well as 4 subpoena service worksheets that had been created on December 14, 2023. The People disclosed those documents to defense counsel on December 15, 2023. On December 18, 2023, the People disclosed 2 pages that had been inadvertently left out of the disclosure made on December 15, 2023. A supplemental COC was filed on December 20, 2023.
On December 18, 2023, the defendant moved a second time pursuant to CPL 30.30(1)(a) to dismiss the indictment based upon the People's failure to comply with CPL article 245, contending, inter alia, that the December 2022 COC was improper, and the SOR was illusory. The defendant argued that the People, in their opposition to the first motion to dismiss, had contended that they had obtained Tomlin's complete case file and had failed to make reasonable inquiries in September 2023 to learn that they had not. In their opposition papers, the People explained that animal cruelty cases are handled by the Suffolk County District Attorney's (hereinafter SCDA) Biological, Environmental, and Animal Safety Team (hereinafter BEAST) Unit. Detectives within that unit, including Tomlin, upload their law enforcement case files to a digital shared drive. According to the People, in this case, Tomlin represented to the prosecutor that she had uploaded her entire case file to the BEAST Unit digital shared drive; the prosecutor reviewed the file and did not notice anything missing; and the prosecutor, reasonably believing that the entire case file had been uploaded based on her review of the uploaded materials and Tomlin's representation, disclosed the documents as part of the December 2022 COC.
In an order dated December 21, 2023, the Supreme Court granted the defendant's motion and dismissed the indictment. In so doing, the court found that the People failed to establish that they exercised due diligence prior to filing the December 2022 COC, as well as the supplemental COCs on September 8, 2023, and October 13, 2023. The People appeal. We reverse.
Pursuant to CPL 245.50(1), once the People have met their automatic discovery obligation under CPL 245.20, the People must file a COC indicating that "after exercising due diligence and making reasonable inquiries to ascertain the existence of material and information subject to discovery, the prosecutor has disclosed and made available all known material and information subject to discovery" (id. § 245.50[1]; see People v Drayton, 231 AD3d 1057, 1060). "CPL 245.60 imposes a continuing duty to disclose, and when the People provide discovery after [*3]a COC has been filed, they must file a supplemental COC" (People v Bay, 41 NY3d 200, 209; see CPL 245.50[1]). "Although CPL 245.50(1) directs that '[n]o adverse consequence to the prosecution or the prosecutor shall result from the filing of a certificate of compliance in good faith and reasonable under the circumstances,' it clarifies that a trial court may nonetheless grant discovery sanctions and remedies where provided in CPL 245.80" (People v Bay, 41 NY3d at 209, quoting CPL 245.50[1]). In 2022, the legislature modified CPL 245.80(2) "to direct that a court should only dismiss a charge as a sanction for a disclosure violation if it has considered all other remedies and concluded that dismissal 'is appropriate and proportionate to the prejudice suffered by the party'" (People v Bay, 41 NY3d at 210, quoting CPL 245.80[2]).
"[T]he key question in determining if a proper COC has been filed is whether the prosecution has exercised due diligence and made reasonable inquiries to ascertain the existence of material and information subject to discovery" (id. at 211 [alterations and internal quotation marks omitted]; see CPL 245.20[2]; 245.50[1], [3]). Due diligence "is a familiar and flexible standard that requires the People 'to make reasonable efforts' to comply with statutory directives" (People v Bay, 41 NY3d at 211, quoting People v Bolden, 81 NY2d 146, 155). "An analysis of whether the People made reasonable efforts sufficient to satisfy CPL article 245 is fundamentally case-specific, as with any question of reasonableness, and will turn on the circumstances presented" (id. at 212).
"There is no rule of 'strict liability'; that is, the statute does not require or anticipate a 'perfect prosecutor.' On the other hand, the plain terms of the statute make clear that while good faith is required, it is not sufficient standing alone and cannot cure a lack of diligence" (id. [emphasis added]; see CPL 245.20[2]; 245.50[1], [3]). "Although the relevant factors for assessing due diligence may vary from case to case, courts should generally consider, among other things, [1] the efforts made by the prosecution and the prosecutor's office to comply with the statutory requirements, [2] the volume of discovery provided and outstanding, [3] the complexity of the case, [4] how obvious any missing material would likely have been to a prosecutor exercising due diligence, [5] the explanation for any discovery lapse, and [6] the People's response when apprised of any missing discovery" (People v Bay, 41 NY3d at 212). "Read together, CPL 245.50 and 30.30 require that due diligence must be conducted prior to filing a COC" (id.).
"[T]he People bear the burden of establishing that they did, in fact, exercise due diligence and made reasonable inquiries prior to filing the initial COC despite a belated or missing disclosure. If the prosecution fails to make such a showing, the COC should be deemed improper, the readiness statement stricken as illusory, and—so long as the time chargeable to the People exceeds the applicable CPL 30.30 period—the case dismissed" (id. at 213 [citations omitted]).
Here, the Supreme Court concluded that the People failed to satisfy their burden of establishing that they had exercised due diligence "especially when considering the factors courts should consider as was outlined by the Court of Appeals in Bay." However, the order neither mentions nor analyzes any of those factors. We conclude, under the circumstances of this case and upon considering the relevant Bay factors, that the People exercised due diligence and made reasonable efforts to satisfy their obligations under CPL article 245 at the time they filed the December 2022 COC (see People v Bay, 41 NY3d at 212; People v Lawrence, 231 AD3d 1497, 1499-1500; People v Deas, 226 AD3d 823, 826).
Even though the underlying case was not particularly complex, which cuts against a finding of due diligence, most of the other remaining factors, when considered as part of a "holistic assessment," "rather than a strict item-by-item test," support the conclusion that the People exercised due diligence with respect to the missing pages of Tomlin's case file (People v Cooperman, 225 AD3d 1216, 1220; see People v Lawrence, 231 AD3d at 1500). In order to comply with the amendments to CPL article 245, the SCDA's Office implemented policies and procedures to ensure discovery compliance and hired 30 discovery expediters to serve as liaisons with law enforcement agencies and to obtain discovery required for disclosure. In this case, the initial discovery supplied by the People pursuant to their mandatory obligations under CPL article 245 was voluminous, totaling more than 400 pages. Given the voluminous discovery actually produced, it would not have been particularly obvious to the People at the time of the December 2022 COC that some of the [*4]discoverable materials were missing, especially given that entire categories of discovery were not missing, and there is no claim that the absence of the items was readily noticed by the defense (cf. People v Bay, 41 NY3d at 215). There is no dispute that the People initially disclosed some of Tomlin's case notes; that the notes were unpaginated; and that it would not have been obvious that some of the pages of notes were missing.
Moreover, in complying with their mandatory discovery obligations, the prosecutor relied on the representation of Tomlin, a member of the BEAST Unit, that the entire case file had been uploaded, and therefore, it appears that, "due to mere error and oversight," the missing pages were not initially disclosed (People v Lawrence, 231 AD3d at 1500 [internal quotation marks omitted]). The People established that their initial failure to disclose the missing materials "was inadvertent and without bad faith or a lack of due diligence" (People v Deas, 226 AD3d at 826; see People v Lawrence, 231 AD3d at 1500), which is substantiated by the fact that the People immediately disclosed the materials once they learned that they had not been turned over in the initial release. This is not a case where the People affirmatively denied the existence of clearly discoverable material (cf. People v Bay, 41 NY3d at 215) or failed to take any steps to ascertain the existence of discoverable material contained in their own records (cf. People v Mitchell, 228 AD3d 1250, 1256). Rather, the People believed that they had disclosed Tomlin's entire case file as of December 15, 2022. Contrary to the defendant's contention, the issue with respect to Tomlin's case file on the defendant's first motion to dismiss concerned whether it had been timely disclosed. Therefore, there was no reason for the prosecutor to believe at that time that the entire case file had not been uploaded and disclosed (cf. People v Galicia, 85 Misc 3d 1201[A], 2025 NY Slip Op 50068[U] [Crim Ct, Kings County]).
Contrary to the defendant's contention, the failure to compare the pages of the uploaded file to the hard copies did not demonstrate a lack of due diligence in light of all of the other circumstances (see People v Lawrence, 231 AD3d at 1500; People v Cooperman, 225 AD3d at 1218). Therefore, under the circumstances, the People met their burden of demonstrating that prior to filing the December 2022 COC, they had exercised due diligence and made reasonable inquiries to ascertain the existence of material and information subject to discovery (see CPL 245.50[1]; People v Bay, 41 NY3d at 211; People v Drayton, 231 AD3d at 1060; People v Macaluso, 230 AD3d 1158, 1159-1160). Since the December 2022 COC was proper, and the SOR, therefore, was not illusory, as the Supreme Court found in its November 3, 2023 order, only 120 days of chargeable time had accrued, bringing the People within the applicable six-month speedy trial window.
Accordingly, the Supreme Court should have denied the defendant's motion pursuant to CPL 30.30(1)(a) to dismiss the indictment on statutory speedy trial grounds.
IANNACCI, J.P., FORD, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court