People v Henderson (2025 NY Slip Op 02084)

People v Henderson

2025 NY Slip Op 02084

Decided on April 9, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 9, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2023-02920
 (Ind. No. 71552/22)

[*1]The People of the State of New York, respondent,
v
Tyeem Henderson, appellant.

Patricia Pazner, New York, NY (Elisabeth R. Calcaterra of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Charles T. Pollak, and Corey Reisman of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Toni M. Cimino, J.), rendered March 3, 2023, convicting him of assault in the third degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the People's contention, the order denying that branch of the defendant's omnibus motion which was to dismiss the indictment pursuant to CPL 30.30(1)(a) is reviewable on appeal from the judgment of conviction notwithstanding the fact that the judgment was entered upon the defendant's plea of guilty (see id. § 30.30[6]; People v Serrano, 234 AD3d 879).
In felony cases such as this one, CPL 30.30 requires the People to be ready for trial within six months of the commencement of the action (see id. § 30.30[1][a]; People v Serrano, 234 AD3d at 882). Absent an individualized finding of special circumstances, "the prosecution shall not be deemed ready for trial for purposes of [CPL 30.30] until it has filed a proper certificate [of compliance]" (CPL 245.50[3]). The certificate of compliance (hereinafter COC) "shall state that, after exercising due diligence and making reasonable inquiries to ascertain the existence of material and information subject to discovery [under CPL 245.20], the prosecutor has disclosed and made available all known material and information subject to discovery" (id. § 245.50[1]).
CPL 245.20(1) requires the prosecutor to automatically disclose to the defendant "all items and information that relate to the subject matter of the case and are in the possession, custody or control of the prosecution or persons under the prosecution's direction or control." "[A]ll items and information related to the prosecution of a charge in the possession of any New York state or local police or law enforcement agency shall be deemed to be in the possession of the prosecution" (id. § 245.20[2]). Further, the prosecutor is obligated to "make a diligent, good faith effort to ascertain the existence of material or information discoverable under [CPL 245.20(1)] and to cause such material or information to be made available for discovery where it exists but is not within the prosecutor's possession, custody or control" (id.). However, "the prosecutor shall not be required to obtain by subpoena duces tecum material or information which the defendant may thereby obtain" (id.).
When a defendant moves pursuant to CPL 30.30 to dismiss an indictment on the ground that the People failed to exercise due diligence and therefore did not file a proper COC, "the People bear the burden of establishing that they did, in fact, exercise due diligence and made reasonable inquiries prior to filing the initial COC despite a belated or missing disclosure" (People v Bay, 41 NY3d 200, 213). "If the prosecution fails to make such a showing, the COC should be deemed improper, the readiness statement stricken as illusory, and—so long as the time chargeable to the People exceeds the applicable CPL 30.30 period—the case dismissed" (id.).
Contrary to the defendant's contention, the Supreme Court properly denied relief pursuant to CPL 30.30(1)(a) based on the People's failure to disclose, prior to filing the COC, a law enforcement disclosure letter and police misconduct records for a detective who conducted a photo array identification. As the People correctly contend, at the time they filed the COC, they were not required to disclose those records pursuant to CPL 245.20(1)(k)(iv) because they did not intend to call the detective as a testifying witness (see People v Macaluso, 230 AD3d 1158; People v Cooperman, 225 AD3d 1216, 1219). Moreover, the records were not otherwise discoverable under CPL 245.20(1)(k) because they were unrelated to the subject matter of the case.
The Supreme Court also properly denied relief pursuant to CPL 30.30(1)(a) based on the People's failure to disclose a photograph taken by a nightclub bouncer depicting the bumper of the vehicle in which the incident occurred and a video depicting the complainant's injuries. Although the statute does not define "'due diligence,'" "it is a familiar and flexible standard that requires the People 'to make reasonable efforts' to comply with statutory directives" (People v Bay, 41 NY3d at 211, quoting People v Bolden, 81 NY2d 146, 155). "An analysis of whether the People made reasonable efforts sufficient to satisfy CPL article 245 is fundamentally case-specific, as with any question of reasonableness, and will turn on the circumstances presented" (id. at 212). "There is no rule of 'strict liability'; that is, the statute does not require or anticipate a 'perfect prosecutor.' On the other hand, the plain terms of the statute make clear that while good faith is required, it is not sufficient standing alone and cannot cure a lack of diligence" (id.). "Although the relevant factors for assessing due diligence may vary from case to case, courts should generally consider, among other things, the efforts made by the prosecution and the prosecutor's office to comply with the statutory requirements, the volume of discovery provided and outstanding, the complexity of the case, how obvious any missing material would likely have been to a prosecutor exercising due diligence, the explanation for any discovery lapse, and the People's response when apprised of any missing discovery" (id.).
Here, to the extent that the photograph should have been deemed to be in the People's possession because it was used by a police detective during an interrogation, the photograph was "lost or destroyed" pursuant to CPL 245.50(1), and the Supreme Court was permitted to deem the People ready for trial despite the loss or destruction (see id. § 245.50[3]; People v Bay, 41 NY3d at 211). Furthermore, the People established that they made diligent efforts to obtain the photograph and video (see People v Bay, 41 NY3d 200), and the defendant could have issued subpoenas to obtain those materials (see CPL 245.20[2]).
Accordingly, the Supreme Court properly denied that branch of the defendant's omnibus motion which was to dismiss the indictment pursuant to CPL 30.30(1)(a).
BARROS, J.P., CHRISTOPHER, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court