People v Lane (2025 NY Slip Op 50714(U))

[*1]

People v Lane

2025 NY Slip Op 50714(U)

Decided on May 5, 2025

Criminal Court Of The City Of New York, Kings County

Berman, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 5, 2025
Criminal Court of the City of New York, Kings County

The People of the State of New York,

against
Taron Lane, Defendant.

Docket No. CR-042055-24KN

 
Tehilah H. Berman, J.

This case raises the following issues: 1) whether mailing a summons with a printed warning that failure to answer within 15 days would result in license suspension was sufficient to impute knowledge to the defendant Taron Lane ("defendant") that his license was suspended; 2) whether statements noticed pursuant to Criminal Procedure Law ("CPL") 710.30(1)(a) could be considered in determining facial sufficiency of an accusatory instrument; 3) whether the court could consider certificate of compliance ("COC") challenges when they were filed in a motion to dismiss past the date set by the court; 4) whether discovery materials which were not initially uploaded correctly through Microsoft OneDrive invalidated the People's COC when they promptly uploaded the materials again once they were informed of the error; and 5) whether documents which were not related to the charges or defenses thereto were subject to automatic discovery. 
PO Nayeem Ahmed averred in the accusatory instrument that he observed defendant driving a motor vehicle with excessive tint in the windows.[FN1]
 PO Ahmed then conducted a check of the official, computerized Department of Motor Vehicles ("DMV") driving records, which revealed that defendant was driving while his license was suspended and that he had nine suspensions. The DMV records further revealed that defendant's license was suspended for failure to answer or appear in response to a traffic summons. PO Ahmed further averred that all such summonses have printed on them the warning "if you don't answer this ticket by mail within 15 days your license will be suspended," and that the "Department of Motor Vehicles mails a notice of suspension to any such person at their last known address." Appended to the accusatory instrument was defendant's statement to PO Ahmed upon his arrest: "IMA BE REAL. MY LICENSE IS SUSPENDED." This statement was served on notice to defense counsel at arraignment pursuant to CPL § 710.30(1)(a). This court's review of the record further reveals that defendant made another recorded statement when he was stopped, which the People also [*2]provided on notice to defendant pursuant to CPL § 710.30(1)(a), as follows: "I aint't even gonna lie to you my license is suspended." 
On October 5, 2024, Defendant was arraigned on a misdemeanor complaint charging him with aggravated unlicensed operation of a motor vehicle in the second degree [Vehicle and Traffic Law ("VTL") § 511 (02)(a)(iv)], aggravated unlicensed operation of a motor vehicle in the third degree [VTL § 511 (1) (a), and unlicensed operator [VTL § 509(1)]. A person is guilty of the misdemeanor of aggravated unlicensed operation of a motor vehicle in the third degree (VTL 511 [1] [a]) when "such person operates a motor vehicle upon a public highway while knowing or having reason to know that such person's license or privilege of operating such motor vehicle in this state or privilege of obtaining a license to operate such motor vehicle issued by the commissioner is suspended, revoked or otherwise withdrawn by the commissioner". A person is guilty of the misdemeanor of aggravated unlicensed operation of a motor vehicle in the second degree (VTL 511 [2] [a] [iv]) when such person commits the offense of aggravated unlicensed operation of a motor vehicle in the third degree and "such person has in effect three or more suspensions, imposed on at least three separate dates, for failure to answer, appear or pay a fine." On November 12, 2024, the People filed initial discovery with an inventory and an affirmation of proof of service with the Kings County Criminal Court, and the discovery was shared with defense counsel through a OneDrive shared folder link.
Between November 18, 2024 and December 9, 2024, the People emailed to defense counsel five separate offers for disposition, with no response from the defense counsel. On January 2, 2025 the People filed their COC and Statement of Readiness ("SOR"). On January 7, 2025, Judge Hayes-Torres ordered defense counsel to submit any COC challenges no later than January 31, 2025 with the People's response due February 21, 2025. On January 14, 2025, defense counsel Brittney Curtis sent a conferral email listing the following missing items: 1) activity logs for several police officers, 2) a color copy of the prisoner movement slip instead of a black and white copy, 3) the 911 radio run (the process of dispatching emergency services), 4) Bureau of Criminal Information ("BCI") photos which include the actual mugshot profile, 5) the DAS report[FN2]
, 6) a note that Officer Garcia appears to have typed on his Police Department issued phone, 7) the DMV Notice of Mailing, and 8) the supporting Deposition-Suspended/Revoked License (PD244-068). The People were initially unaware that six activity logs for police officers, included in the January 2, 2025 COC and Inventory of Discovery did not properly upload to the OneDrive folder shared with defendant. The People had requested the activity logs on 12/10/24 and were in the possession of these logs at the time of the COC filing. On the same day, ADA Reddy sent an email to a KCDA Paralegal inquiring about the conferral items and sent two emails to Officer Ahmed inquiring about the conferral items including confirmation as to whether the items existed.
On January 16, 2025, the People filed a Supplemental COC with a SOR and an inventory of discovery provided to defendant via OneDrive, including the activity logs for the POs; and the DMV Notice of Mailing, DMV Supoprting Deposition, and Certified Abstract, which were not previously in possession of the Kings County DA. On the same day, the People emailed a [*3]highlighted line-by-line conferral response to the conferral email sent by defense counsel on January 14, 2025. Regarding the color copy of the prisoner movement slip instead of a black and white copy, and the BCI photos which included the actual mugshot profile page, the People contended that such material was not relevant to the offense charged or any potential defense thereto. With respect to defendant's request for the 911 radio run, the People contended that the document was provided to the defense counsel on January 2, 2025 in the form of a PDF. With respect to the DAS report, the NYPD confirmed that there was no printed copy of the DAS search run by PO Ahmed on his handheld device. In addition, the People contend that a note that PO Garcia appears to have typed on his Police Department issued phone did not exist. With no further inquiry or response, defense counsel filed a motion to dismiss on February 5, 2025, five days after the Judge Hayes-Torres had ordered defense counsel to file any COC challenges (January 31, 2025).
Defendant moves for an order (i) dismissing the accusatory instrument as facially insufficient, on the ground that it fails to plead the "knowledge" element of VTL 511 (1) (a) and VTL 511 (2) (a) (iv); i.e., that defendant knew or had reason to know that his license was suspended.; (ii) deeming the People's COC and Supplemental COC invalid on the ground that the People failed to provide materials that were automatically discoverable under CPL 245.20(1), specifically the items mentioned in the conferral email, prior to filing the COC; and (iii) dismissing this case pursuant to CPL 30.30 on speedy trial grounds. For the reasons set forth below, the motion to dismiss is DENIED. 
FACIAL SUFFICIENCY
Pursuant to CPL § 100.15, every accusatory instrument must designate the offenses charged [CPL § 100.15(1)], and every element of the offenses charged must be supported by non-hearsay allegations and/or supporting depositions [CPL § 100.15(2)]. To be deemed sufficient on its face, the factual allegations in the accusatory instrument together with the supporting depositions must provide reasonable cause to believe that the defendant committed the offenses charged. [CPL 100.40(1)(b)]; People v. Hill, 38 NY3d 460, 463-464 (2022); People v Smalls, 26 NY3d 1064, 1066 (2015)].
Considering the offenses charged here, a person is guilty of the offense of aggravated unlicensed operation of a motor vehicle in the third degree when such person operates a motor vehicle upon a public highway "while knowing or having reason to know that such person's license or privilege of operating such motor vehicle" is suspended. [VTL 511(1)(a)]. The first issue is whether PO Ahmed's averment that all summonses like the one defendant received have the warning "if you don't answer this ticket by mail within 15 days your license will be suspended," and that the "Department of Motor Vehicles mails a notice of suspension to any such person at their last known address" is sufficient to impute knowledge to defendant that his license was suspended. It is well established that the aforementioned averments set forth facts of an evidentiary character supporting the charge of aggravated unlicensed operation of a motor vehicle in the third degree, and provide reasonable cause to believe that defendant had committed the offense charged, including that defendant knew or had reason to know that his license was suspended. [People v Torres (Hualberto), 2019 NY Slip Op 50939(U), 2019 NY Misc. LEXIS 3017, *3 (App. Term 2d Dept. 2019); People v Martinez (Fidel), 2018 NY Slip Op 51514(U) 2018 NY Misc. LEXIS 4909, *3 (App. Term 2d Dept. 2018); People v Scott, 47 Misc [*4]3d 138(A) [App.Term 2d Dept. 2015]). See also, People v. Stephens, 2023 NY Slip Op 51346(U), 2023 NY Misc. LEXIS 22932, *6-7 (Crim. Ct. Kings Co. 2023) (the fact that NYS DOV mailed a notice of revocation to the defendant at his last known address was sufficient to impute knowledge to the defendant that his license was revoked). Therefore, this court finds that the misdemeanor complaint was facially sufficient and in compliance with the requirements set forth in CPL §§ 100.15 and 100.40(1)(b), and that the factual allegations in the misdemeanor complaint were sufficient to establish reasonable cause that defendant operated a motor vehicle with the knowledge that his driving license had been suspended. 
Furthermore, defendant's statement upon his arrest to PO Ahmed that "IMA BE REAL MY LICENSE IS SUSPENDED," which statement was appended to the accusatory instrument and served on notice to defendant at arraignment pursuant to CPL 710.30(1)(a),[FN3]
 can be considered by this court in determining the sufficiency of the accusatory instrument. People v. Anzalone, 2024 NY Slip Op 24286, 1222 N.Y.S.3d 361, 364 (Orchard Park Town Ct. 2024). See also, People v. Hardy, 35 NY3d 466, 475 (2020) ("in evaluating the sufficiency of an accusatory instrument we do not look beyond its four corners (including supporting declarations appended thereto)." Defendant's admission to PO Ahmed that his license was suspended undoubtedly establish reasonable cause that defendant operated a motor vehicle knowing that his license was suspended. This statement bolsters the facial sufficiency of the accusatory instrument.
VALIDITY OF COC
At the outset, this court draws attention to the importance of adhering to briefing schedules it sets. Except for the unavailability of stenographic minutes, which has not been alleged by defense counsel to have occurred here, "briefing schedules are not suggested, precatory guidelines, but must be respected and followed." People v. Velit, 2002 NY Slip Op 50066(U), 2002 NY Misc. LEXIS 92, *4 (Crim. Ct. Queens Co. 2002). See also, Socrates Psychological Servs. P.C. v. Progressive Cas. Ins. Co., 7 Misc 3d 642, 646 (Civ. Ct. Queens Co. 2005) ("If this Court seeks to earn the respect of its briefing deadlines by judicial colleagues, it must scrupulously enforce the schedules set forth by fellow judges. Failure to enforce those deadlines, absent a highly compelling circumstance, furthermore, sends the wrong message to the Bar and permits lawyers to conclude falsely that such deadlines are malleable"). The lawyer who assumes that it is acceptable to ignore deadlines set by the court "does so at his own peril." United States v. Raimondi, 760 F.2d 460, 462 (2d Cir. 1985). Without enforcement of court [*5]orders, "there would be no rule of law." Ortega v. City of New York, 11 Misc 3d 848, 859 (Sup. Ct. Suff. Co. 2006). Accordingly, since on January 7, 2025, Judge Hayes-Torres ordered defense counsel to submit COC challenges no later than January 31, 2025 (with the People's response due February 21, 2025), and defense counsel blatantly ignored the court's briefing schedule without explanation, this court will not consider defendant's untimely challenges to the COC. 
Furthermore, CPL 245.50 (4) (b) provides: "To the extent that the party is aware of a potential defect or deficiency related to a certificate of compliance or supplemental certificate of compliance, the party entitled to disclosure shall notify or alert the opposing party as soon as practicable." CPL 245.50(c) further provides: "Challenges related to the sufficiency of a certificate of compliance or supplemental certificates of compliance shall be addressed by motion as soon as practicable." Here, defendant first notified the People of any deficiency on January 14, 2025, 12 days after the DA filed its COC, and moved to dismiss on February 5, 2025, five days after the court-ordered agreed upon date of submission, and 34 days after the People filed their COC. The court finds that defendant's notification and motion were untimely to the extent that they were not done "as soon as practicable." See, e.g., People v. Seymour, 2024 NY Slip Op 24234 , 2024 NY Misc. LEXIS 22511, *2 (App. Term 2d Dept. 2024) (challenge to the sufficiency of COC 72 days after filing the prosecution filed its COC). However, since CPL § 245.50(3) ties discovery compliance to speedy trial readiness, this court will review of the COC's sufficiency. 
The crucial question in determining whether a proper COC has been filed is "whether the prosecution has exercised due diligence and made reasonable inquiries to ascertain the existence of material and information subject to discovery." People ex rel. Nieves v. Maginley-Liddie, 232 AD3d 568, 569-570 (2d Dept. 2024); People v. Drayton, 231 AD3d 1057, 1059 (2d Dept. 2024). Although "due diligence," is not defined in CPL § 245.50, it is a flexible standard that requires the People "to make reasonable efforts" to comply with statutory requirements. People v. Bay, 41 NY3d 200, 211-212 (2023). The court's determination as to whether the People have exercised due diligence and made reasonable efforts sufficient to satisfy CPL 245.20 and 245.50 is case and fact specific. Id.; People v. McMahon, 2025 NY Slip Op 01951, 2025 NY App. Div. LEXIS 1915, *7 (2d Dept. 2025). The court must consider factors including but not limited to: "the efforts made by the prosecution and the prosecutor's office to comply with the statutory requirements, the volume of discovery provided and outstanding, the complexity of the case, how obvious any missing material would likely have been to a prosecutor exercising due diligence, the explanation for any discovery lapse, and the People's response when apprised of any missing discovery." People ex rel. Nieves, supra, 232 AD3d at 570. CPL 245.60 imposes a "continuing duty to disclose, and when the People provide discovery after a COC has been filed, they must file a supplemental COC." Bay, 41 NY3d at 209. The filing of a supplemental COC "shall not impact the validity of the original certificate of compliance if filed in good faith and after exercising due diligence." CPL § 245.50 (1-a)
The filing of a COC may not be deemed complete until all of the material and information identified in the COC that is automatically discoverable and electronically shared with the defendant was actually produced for the defendant. People ex rel. Ferro v Brann, 197 AD3d 787, 788 (2d Dept. 2021), 
Police Activity Logs
This court takes judicial notice that OneDrive is a standard portal which the People use to pass along discovery materials. People v. Jeter, 2024 NY Slip Op 50652(U), 2024 NY Misc. [*6]LEXIS 2355, *1 (Crim. Ct. Bronx Co. 2024); People v. Samuel, 2024 NYLJ LEXIS 3219, *3-4 (Crim. Ct. Kings Co. 2024); People v. Howard, 78 Misc 3d 1103, 1109 (Crim. Ct. Bronx Co. 2023). Accordingly, this court finds that the People acted reasonably and in good faith when they sent a link to a OneDrive folder containing the police activity logs on January 2, 2025. The People were initially unaware that the police activity logs, included in the January 2, 2025 COC and Inventory of Discovery did not properly upload to the to the OneDrive folder shared with defendant, and were only informed by defense counsel on January 14, 2025 that the folder did not upload correctly. To the extent that the People promptly uploaded the police activity logs again on January 16, 2024 with the supplemental COC, this court finds that they acted in good faith, and exercised due diligence and made reasonable efforts to comply with the requirements set forth in CPL 245.20 and 245.50. Indeed, here is no "strict liability" rule, and "the statute does not require or anticipate a perfect prosecutor." People v. Henderson, 2025 NY Slip Op 02084,, 2025 NY App. Div. LEXIS 2046, *4 (2d Dept. 2025). Furthermore, the People's filing of the supplemental COC on January 16, 2025 with the police activity logs uploaded, did not affect the validity of the original COC. CPL 245.50(1-a).
Color Copy of Prisoner Movement Slip and BCI Photos Which Include the Actual Mugshot Profile
This court finds that the BCI photos, if they exist at all, are not relevant to the offense charged, i.e., defendant's operation of a motor vehicle while knowing that his license is suspended, or any potential defenses thereto. See, e.g., People v. Henderson, 2025 NY Slip Op 02084, 2025 NY App. Div. LEXIS 2046, *4 (2d Dept. 2025) (prosecution was not required to disclose law enforcement records of non-testifying detective, as those records were otherwise unrelated to the case). Indeed, no issue concerning the defendant's identity was raised. Furthermore, there in no indication that BCI was involved in the investigation of this matter. This court takes judicial notice that BCI is the plainclothes detective branch of the NYS Police that conducts extensive investigations of felonies, and assists local and county law enforcement agencies that lack the investigative resources needed for major crime investigations. [https://troopers.ny.gov/criminal-investigation]
Similarly, this court finds that the color copy of the prisoner movement slip as opposed to a black and white copy, is not relevant to the offense charged or any potential defense thereto. A black and white copy is sufficient, particularly since the time line of defendant's arrest and transfer is not an issue related to the instant charges or any defenses thereto. On the other hand, in a DWI case, which is not the case here, the exact timing of a a defendant's arrest would be relevant and subject to automatic disclosure. People v. Pondexter, 76 Misc 3d 349, 354 (Crim. Ct. NY Co. 2022).
DAS Report and PO Garcia's Note
The People's omission of the DAS report and Officer Garcia's note does not invalidate the People's COC as these items do not exist. The People contend that the NYPD confirmed that no DAS report exists, and that the note that PO Garcia appears to have typed on his NYPD issued phone also does not exist. Pursuant to CPL 245.20(2), the duty of the prosecutor is to "make a diligent, good faith effort to ascertain the existence of material or information [*7]discoverable under subdivision one of this section and to cause such material or information to be made available for discovery where it exists but is not within the prosecutor's possession, custody or control." "It is axiomatic that the People cannot disclose materials that do not exist" [People v. Haggan, 2025 NY Slip Op 50266(U), 2025 NY Misc. LEXIS 1070, *7 (Sup. Ct. NY Co. 2025)], since they are not within their custody and control [People v Gonzalez, 2020 NY Slip Op 50924(U), 2020 NY. Misc. LEXIS 4462, *3 (Sup. Ct. Kings Co. 2020)], and their failure to disclose these items does not render their COC invalid [People v. Roman, 2025 NY Slip Op 50132(U), 2025 NY Misc. LEXIS 626, *1 (Crim. Ct. Bronx Co. 2025).
The Radio Run
This court further finds that a PDF memorializing the 911 radio run in the form of a voice recording is equivalent to the voice recording itself to the extent that it contains the same information. Furthermore, there has been no demonstration that the 911 radio run is related to the instant charges or the defenses thereto.
This court concludes, under the circumstances of this case and upon considering the relevant factors, that the People exercised due diligence and made reasonable efforts to satisfy their obligations under CPL 245.20 at the time they filed their COC and SOR on January 2, 2025.
SPEEDY TRIAL
Pursuant to CPL 170.30 (1) (e), the court may dismiss an accusatory instrument on the ground that a defendant has been denied the right to a speedy trial under CPL 30.30. A defendant seeking dismissal on speedy trial grounds under CPL 30.30 has the burden of showing that the the People failed to declare readiness within the statutorily prescribed period." People v. Brown, 214 AD3d 823, 824 (2d Dept. 2023). The calculation of speedy trial time under CPL 30.30 is "tied to the People's good faith compliance with their mandatory discovery obligation under CPL 245.20, which they are required to certify in a certificate of compliance that must accompany or precede any statement of trial readiness." Id. Thus, the People may not be deemed ready for trial for purposes of CPL 30.30 until they have filed a proper COC (CPL 245.50 [3]; People v Bay, 41 NY3d 200, 210 [2023]). CPL 30.30 limitation periods are "generally calculated based on the most serious offense charged in the accusatory instrument and are measured from the date of commencement of the criminal action" (People v Cooper, 98 NY2d 541, 543 [2002]). In this matter, the top count, VTL 511 (2) (a) (iv), is a misdemeanor punishable with a term of imprisonment of not more than 180 days. Pursuant to CPL 30.30 (1) (b), the People were required to announce their readiness for trial within 90 days of the commencement of the criminal action.
This action commenced on October 5, 2024, when defendant was arraigned. Pursuant to the first-day exclusion rule set forth in General Construction Law § 20, October 5 must be excluded from the speedy trial calculation. People v Chavis, 91 NY2d 500, 504 (1998); People v Stiles, 70 NY2d 765, 767 (1987); People ex rel. Barta v Maginley-Liddie, 227 AD3d 754, 756 [2d Dept. 2024]). Pursuant to CPL 245.50 (1-a), the People's filing of a supplemental COC on January 16, 2025 did not impact the validity of the original COC since it was filed in good faith and after exercising due diligence. Therefore, the January 2, 2025 COC and SOR stopped the [*8]statutory speedy trial clock. People v. Adams (Michael), 225 N.Y.S.3d 537, 541 (2d Dept. 2024). Under this calculation, January 2, 2025, was 89 days after October 5, 2024, with fewer that 90 days chargeable to the People. Therefore, this court finds that the People did not exceed their speedy-trial time limitation. For the aforementioned reasons, defendant's motion to dismiss is denied. This constitutes the Decision and Order of the court.
Dated: May 5, 2025
Brooklyn, New York
Hon. Tehilah H. Berman, Judge, Criminal Court

Footnotes

Footnote 1:The window tints were tested for light transmittance, which showed that the tints allowed 21% light transmittance, below the NY State legally required transmittance of at least 70% per Vehicle and Traffic Law ("VTL") § 375.

Footnote 2:A DAS Report is a report corresponding to a person's identity, which is stored in the NYPD's Domain Awareness System. People v. Nunez, 2024 NY Slip Op 51593(U), 220 N.Y.S.3d 909 (Queens Co. Crim. Ct. 2024)

Footnote 3:§ 710.30(1) provides: 

1. Whenever the people intend to offer at a trial (a) evidence of a statement made by a defendant to a public servant, which statement if involuntarily made would render the evidence thereof suppressible upon motion pursuant to subdivision three of section 710.20, or (b) testimony regarding an observation of the defendant either at the time or place of the commission of the offense or upon some other occasion relevant to the case, to be given by a witness who has previously identified him or her or a pictorial, photographic, electronic, filmed or video recorded reproduction of him or her as such, they must serve upon the defendant a notice of such intention, specifying the evidence intended to be offered.